IN THE UNTED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                          CHAPTER 13
JOSEPH L. WORRELL.                              CASE # 09-15332-EPK
DEBTOR,

---

JOSEPH L. WORRELL.
       PLAINTIFF,                             ADVERSARY PROCEEDING
   VS.                                        CASE NO.: 16-01046-EPK
EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC.,                                    APPELLATE CASE #
   DEFENDANT.                                16-cv-80694-KAM

---

## <u>AMENDED NOTICE OF APPEAL</u>
FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

    Plaintiff, Joseph L. Worrell, appeals from attached orders of the United
States Bankruptcy Court for the Southern district of Florida, entered in this case on
April 13, 2016 and thereafter, which grants Defendant's pretrial motion to dismiss
WITH PREJUDICE, Plaintiff's / Debtor's Complaint for violation of stays under
11 USC 362, for violation of 11 USC 349, and 50 USC 522 & 533C (SCRA); and
other violations.  *ECF # 47*

    <u>Amended to include appeal of adverse decisions denying OBJECTIONS to
the fraudulent claims filed by alleged creditor Emigrant Mortgage Company Inc.,
[ECF 77], order granting sanctions [ECF 66], and order seeking to dismiss the
appeal [ECF 80].</u> (See attached appendix).

    The parties to the orders appealed from and the names and addresses of their
respective attorneys are as shown on the attached service list.

Dated: Monday May 2, 2016.                    Respectfully submitted:

<u>Amended: Tuesday May 24, 2016.</u>

                                                  Joseph L. Worrell

[1]

APPELLATE CASE # 16-cv-80694-KAM
Adversary Proceeding: 16-01046-EPK
CH 13 Case No. 09-15332-EPK

SERVICE LIST

1. JOSEPH LLEWELLYN WORRELL (PRO SE)
   P O Box 30071, West Palm Beach, FL 33420

2. EMIGRANT MORTGAGE COMPANY, INC.,
   Becker & Poliakoff, P.A. c/o Aleida Martinez Molina, Esq.
   121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134

3. RETAINED REALTY, INC., (PRO SE)
   c/o Richard C. Wald, CEO   5 East 42nd St. New York, NY 10017



**ORDERED in the Southern District of Florida on April 12, 2016.**

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:

IN RE JOSEPH LLEWELLLYN WORRELL
a/k/a JOEY WORRELL,

                    Debtor.

_____/

JOSEPH LLEWELLLYN WORRELL
a/k/a JOEY WORRELL,

                    Plaintiff,

vs.

EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC.,

                    Defendant.

_____/

Chapter 13
Case Number 09-15332-EPK

Adversary Proceeding
Case No.: 16-01046-EPK

## ORDER GRANTING DEFENDANT EMIGRANT MORTGAGE COMPANY'S AND RETAINED REALTY, INC.'S MOTION TO DISMISS AND DENYING AS MOOT CHAD INGRAM, SAANA INGRAM, AND ILKKA JUHANI SYSIMETSA'S MOTION TO DISMISS

This Adversary Proceeding having come on for hearing before this Court on March 31,

2016 on Defendants Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion To Dismiss

[Dkt 11] and Defendants Emigrant Mortgage Company, Inc. and Retained Realty, Inc.'s Motion to Dismiss Adversary Proceeding [Dkt 16] (collectively, the "Motions to Dismiss"). Plaintiff and all Defendants appeared through counsel. This Court having reviewed the Complaint [Dkt 1], Amended Complaint [Dkt 27], and Motions to Dismiss and this Court having heard argument of counsel for Plaintiff, counsel for Emigrant Mortgage Company, Inc. and Retained Realty, Inc., and counsel for Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa, and, for the reasons stated orally and recorded in open Court, this Court finds and concludes as follows:

This Adversary Proceeding was commenced in Plaintiff's previously dismissed Chapter 13 bankruptcy case. The Plaintiff filed his petition for relief on March 26, 2009 [Dkt 27 ¶ 9]. Listed on Plaintiff's Schedule A was his interest in real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 and more specifically described as:

> Lot 62, SECTION THREE CALOOSA 1st ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Pubic Records of Palm Beach County, Florida.

(hereinafter the "Real Property") [Dkt 27 ¶ 11]

Based solely upon the allegations in the Adversary Complaint and Amended Adversary Complaint, the automatic stay was not in effect at the time of the foreclosure sale of the Real Property. The foreclosure sale occurred on August 31, 2009 [Dkt 27 ¶ 17] and a Certificate of Sale was issued by the Palm Beach County Clerk of the Court on the same day. On August 31, 2009, there was neither any automatic stay nor was there any Servicemembers' Civil Relief Act stay in effect by this Court or any other court.

A review of the docket in this proceeding and in the underlying bankruptcy case reveals that this Court conducted a hearing on August 27, 2009 on the Plaintiff's Motion to Reinstate [Case 09-15332-EPK Dkt 30]. No notice of the hearing was provided to Emigrant Mortgage Company ("Emigrant") and Emigrant did not appear at the hearing, as evidenced by the transcript of the

hearing. The Plaintiff's Counsel (not the current counsel) at the time acknowledged that, in violation of this Court's Local Rules and the applicable Federal Rules of Bankruptcy Procedure, the August 27, 2009 hearing was not properly noticed and Plaintiff's counsel did not file a certificate of service for the hearing. [Transcript of August 27, 2009 hearing, Page 4, lines 8-10]. Similarly, there is no indication that Emigrant had any actual notice of the August 27, 2009 hearing either.

Although this Court orally ruled at the August 27, 2009 hearing, the oral ruling was not an order of this Court until reduced to writing. *In re Brown*, 290 B.R. 415, 421 (Bankr. M.D. Fla. 2003). The oral ruling did not result in the imposition of a stay of any court or party's conduct, including the subject foreclosure sale. Similarly, the Debtor failed to request this Court's oral ruling be reduced to writing and docketed on an emergency basis prior to the subject foreclosure sale. This Court's written order was entered on September 1, 2009 [Case 09-15332-EPK Dkt 33]. The Court's Order became effective on September 1, 2009, when the Order was docketed.

There is no retroactive imposition of the automatic stay. *In re Hill*, 305 B.R. 100, 107-108 (Bankr. M.D. Fla. 2003) ("Clearly, according to the strong weight of authority, vacating the order dismissing the case does not impose or reinstitute or revive the automatic stay retroactively to the date of the vacated order.") A retroactive stay would be troublesome as it could void title to *bona fide* purchasers. Here, the foreclosure sale that took place on August 31, 2009 did not violate either the automatic stay or the Servicemembers' Civil Relief Act stay, as neither of such stays were in effect. The August 31, 2009 foreclosure sale was appropriate to proceed as scheduled, in the absence of any stay, and Emigrant was not required to vacate its foreclosure sale as no stay was in effect when the sale took place.

As there was no violation of the automatic stay, there was no willful violation of the automatic stay.

3

At this Court's December 16, 2015 hearing on Plaintiff's Motion to Reopen Chapter 13 case [Case 09-15332-EPK Dkt 88], this Court granted the Motion, but only for the Plaintiff to seek sanctions for violation of the automatic stay [Transcript of December 16, 2015 hearing, Page 27, lines 12-17] [Case 09-15332-EPK Dkt 94]. Despite this limitation, the Plaintiff's original Adversary Complaint [Dkt 1] sought to challenge ownership and named the current owners of the Real Property as additional Defendants. Although Plaintiff's Amended Adversary Complaint [Dkt 27] removed the current owners, it continued to challenge ownership by seeking to vacate the deed from Emigrant Mortgage Company, Inc. to Retained Realty, Inc., a wholly owned subsidiary of Emigrant Mortgage Company, and to vacate the foreclosure sale [Dkt 27 ¶49-¶53]. The relief requested by the Plaintiff would have adversely affected title held by the current owners of the Real Property. Such relief was not only not authorized by the Court's December 16, 2015 order, but this Court specifically admonished the Plaintiff at the December 16, 2015 hearing against seeking relief as to title transferred to *bona fide* purchasers of the Real Property.

At all times material to this litigation, the Circuit Court in and for Palm Beach County, Florida ("State Court") had concurrent jurisdiction, with this Court, as to the scope and extent of both the automatic stay as well as the Servicemembers' Civil Relief Act, but had exclusive jurisdiction over the foreclosure, foreclosure sale, and transfer of title of the Real Property. This Court had exclusive jurisdiction only over the main bankruptcy proceeding pursuant to 28 USC §1334. This Court is barred by the doctrines of *res judicata* and collateral estoppel from setting aside, or otherwise affecting, the foreclosure sale. The State Court ruled multiple times in favor of Emigrant. This Court is further prohibited by the Rooker-Feldman Doctrine from setting aside, or otherwise affecting, the foreclosure sale.

It is therefore ORDERED and ADJUDGED as follows:

4

1.      Emigrant's Motion to Dismiss [Dkt 16] is GRANTED. Plaintiff's Adversary Complaint and Amended Adversary Complaint are dismissed with prejudice. Due to the filing of the Amended Adversary Complaint, Defendants Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion To Dismiss [Dkt 11] is moot and therefore denied.

2.      Regarding the Real Property, to the extent Plaintiff sought to vacate any title documents, this Court declines to do so, and specifically declines to vacate, modify or otherwise alter, any of the documents listed below:

        (a)      August 31, 2015 Certificate of Sale;

        (b)      February 1, 2013 Certificate of Title recorded in the Official Records of Palm Beach County in Book 25771 at Page 217;

        (c)      September 10, 2015 Quit Claim Deed from Emigrant Mortgage Company, Inc. to Retained Realty, Inc., recorded in the Official Records of Palm Beach County in Book 27797 at Page 284;

        (d)      September 10, 2015 Special Warranty Deed from Retained Realty, Inc. to Chad Ingram and Saana Ingram, husband and wife and Ilkka Juhani Sysimetsa, recorded in the Official Records of Palm Beach County in Book 27797 at Page 286;

3.      This Order shall be recorded in the public records of Palm Beach County, Florida.

# # #

**Submitted by:**

**Lisa M. Castellano, Esq.**
1511 N Westshore Blvd., Suite 1000
Tampa, FL 33607
Phone: 813-527-3900
Fax: 813-286-7683
lcastellano@bplegal.com

The party submitting this order is directed to serve copies of this order on the parties listed below
and file a certificate of service conforming with Local Rule 2002-1(F).

    **Nadine V. White-Boyd, Esq.**
    Markarian Frank White-Boyd & Hayes
    2925 PGA Blvd., Suite 204
    Palm Beach Gardens, FL 33410

    **Steven M. Berman, Esq.**
    **Seth P. Traub, Esq.**
    Shumaker, Loop & Kendrick, LLP
    101 E. Kennedy Blvd, Suite 2800
    Tampa, FL 33602



ORDERED in the Southern District of Florida on May 18, 2016.

Erik P. Kimball, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In re:                                          Case No. 09-15332-EPK

JOSEPH LLEWELLYN WORRELL,                        Chapter 13

    Debtor(s).
_____/

JOSEPH LLEWELLYN WORRELL,

    Plaintiff,

v.                                              Adv. Pro. No. 16-01046-EPK

EMIGRANT MORTGAGE
COMPANY, *et al.*,

    Defendants.
_____/

### ORDER DENYING MOTIONS TO RECONSIDER AND MOTION TO STRIKE

THIS MATTER came before the Court upon the *Motion to Reconsider Order Dismissing*

*Complaint, and Motion for Rehearing* [ECF No. 53] (the "Motion for Reconsideration") wherein

Joseph Llewellyn Worrell seeks reconsideration of this Court's April 13, 2016 *Order Granting Defendant Emigrant Mortgage Company's and Retained Realty, Inc.'s Motion to Dismiss and Denying as Moot Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion to Dismiss* [ECF No. 47] (the "Order").  In response to the Motion for Reconsideration, Emigrant Mortgage Company, Inc. and Retained Realty, Inc. (together, the "Movant Defendants") filed a *Motion to Strike Plaintiff's Motion for to Reconsider Order Dismissing Complaint and Motion for Rehearing [Dkt 53] and Incorporated Memorandum of Law* [ECF No. 56] (the "Motion to Strike").  In the Motion to Strike, the Movant Defendants request that the Court strike the Motion for Reconsideration on the grounds that Mr. Worrell violated Local Rule 9010-1(B)(2) by personally filing the Motion for Reconsideration while he was represented by counsel.

On May 11, 2016, Mr. Worrell filed his *Amended Motion to Reconsider Order Dismissing Complaint and Motion for Rehearing* [ECF No. 69] (the "Amended Motion") and *Objections to False Claims Filed by Alleged Creditor Emigrant Mortgage Company, Inc.* [ECF No. 70] (the "Objection").  The Amended Motion is similar to the Motion for Reconsideration in all material respects.  In the Objection, in essence, Mr. Worrell repeats the arguments contained in his complaint in this adversary proceeding.  The Court thus deems the Objection to be a motion for reconsideration of the order dismissing this adversary proceeding.  For the reasons stated below, the Court denies each pending motion.

Although Mr. Worrell does not cite any applicable law in support of the relief requested in the Motion for Reconsideration, the Amended Motion, or the Objection, a motion for reconsideration may be considered under either Fed. R. Civ. P. 59(e), made applicable to this case by Fed. R. Bankr. P. 9023, or Fed. R. Civ. P. 60(b), made applicable to this case by Fed. R. Bankr. P. 9024.

A motion to alter or amend an order or judgment under Rule 59 must be filed no later than 14 days after entry of the subject order or judgment. A motion seeking relief from a judgment or order under Rule 60(b) must be filed within a reasonable time after entry of the subject judgment or order. To the extent either Rule 59 or Rule 60 applies, the Motion for Reconsideration was timely filed.

Under Rule 59, a court may grant a motion to alter or amend an order or judgment if the movant presents: (1) newly discovered evidence that was not available at the time of trial, or (2) evidence in the record that clearly establishes manifest error of law or fact. *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999) (*citing In re Investors Fla. Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994)). To the extent that Mr. Worrell articulates an argument under Rule 59, the Motion for Reconsideration, the Amended Motion, and the Objection each fail to satisfy either of the requirements to grant a motion for reconsideration under Rule 59.

Under Rule 60(b)(1), a court may relieve a party from a judgment or order for "mistake, inadvertence, surprise, or excusable neglect." In the Motion for Reconsideration and Amended Motion, Mr. Worrell appears to argue that relief is warranted because he did not understand that the Court might dismiss this adversary proceeding at a properly noticed non-evidentiary hearing on a motion to dismiss. At best, this amounts to an argument of excusable neglect under Rule 60(b)(1). To make a finding of "excusable neglect," the Court must consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395

(1993). In this case, Mr. Worrell was served with a motion to dismiss. The Court set the motion to dismiss for hearing and provided Mr. Worrell timely notice of the hearing. The Court heard the motion to dismiss and ruled that, as a matter of law, taking into account the facts alleged by Mr. Worrell himself, no relief could be accorded. Considering all relevant circumstances surrounding the Order, relief is not warranted under Rule 60(b).

The Court, having considered the Motion for Reconsideration, the Amended Motion, and the Objection, as well as the enclosures filed in support thereof, and being otherwise fully advised in the premises, hereby ORDERS AND ADJUDGES that the Motion for Reconsideration [ECF No. 53], the Amended Motion [ECF No. 69], and the Objection [ECF No. 70] are DENIED. The Motion to Strike [ECF No. 56] is thus DENIED as moot.

###

Copies Furnished To:

All parties of record.

4



ORDERED in the Southern District of Florida on May 9, 2016.

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              Case No. 09-15332-EPK

JOESPH LLEWELLYN WORRELL,                           Chapter 13

     Debtor.
_____/

JOSEPH LLEWELLYN WORRELL,

     Plaintiff,

vs.
                                                    Adv. No. 16-01046-EPK
EMIGRANT MORTGAGE
COMPANY, INC., *et al.*,

     Defendants.
_____/

## ORDER GRANTING MOTION FOR SANCTIONS

THIS MATTER came before the Court for hearing on March 31 and April 14, 2016

upon the *Motion for Sanctions Pursuant to Rule 9011 and Memorandum of Law* [ECF No.

21] (the "Sanctions Motion") filed by Chad Ingram, Sannaa Ingram, and Ilkka Juhani

Sysimetsa (the "BFP Owners"). In the Motion, the BFP Owners request sanctions against

Joseph Llewellyn Worrell and his counsel, Nadine V. White-Boyd, Esq., formerly of the law firm Markarian Frank & Hayes.[1]  For the reasons stated below, the Court will grant the Sanctions Motion.

**Background**

      Mr. Worrell initiated the above-captioned main bankruptcy case with the filing of a petition under chapter 13 of the Bankruptcy Code[2] on March 26, 2009.  Over the next several years, Mr. Worrell unsuccessfully attempted to stave off foreclosure of a parcel of real property he owned, located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property"), by Emigrant Mortgage Company, Inc. ("Emigrant").  During this time, he was unable to comply with the requirements of chapter 13 of the Bankruptcy Code.  The Court dismissed the bankruptcy case and denied Mr. Worrell's several motions attempting to revive it.  Case No. 09-15332-EPK, ECF Nos. 67, 70, 76, 82, 86.  None of this Court's rulings were timely appealed and all such orders are final and no longer appealable. Thereafter, Mr. Worrell continued to challenge the foreclosure of the Property in the Circuit Court in and for Palm Beach County, Florida, and in Florida courts of appeal.  Among the many claims raised in the Florida litigation, Mr. Worrell argued that the foreclosure sale of the Property should be vacated.  *See* Sanctions Motion at 5-8 (providing factual background); *Motion to Dismiss and Incorporated Memorandum of Law* [ECF No. 16] (the "Motion to Dismiss") (same).

      By mid-2015, Mr. Worrell had exhausted his appeals in the Florida courts. Emigrant by that time had gained title to the Property, which it transferred to Retained Realty, Inc.  Retained Realty, Inc. then sold the Property to the BFP Owners.

---

[1] At all times relevant to the Court's determination on the Sanctions Motion, Ms. White-Boyd was a partner at the firm, then known as Markarian Frank White-Boyd & Hayes.

[2] 11 U.S.C. §§ 101 *et seq.*

In late 2015, Mr. Worrell moved to reopen his bankruptcy case to avoid the transfers of the Property and pursue other relief. Case No. 09-15332-EPK, ECF No. 88. The Court heard Mr. Worrell's motion to reopen on December 16, 2015. At the hearing, the Court reviewed the facts of the case and stated that the Court lacked authority to overrule the Florida courts' decisions denying Mr. Worrell's previous requests to vacate the foreclosure sale of the Property. Mr. Worrell argued, however, that his mortgage lender had violated the automatic stay during a period when it was still in effect in his chapter 13 case. As a result, the Court determined to reopen the case "solely to permit pursuit of violation of the automatic stay under Section 362, and that is it . . . The only relief you are permitted to ask for has to do with violation of the automatic stay." Case No. 09-15332-EPK, ECF No. 97, p. 27 (hearing transcript). The Court entered an order consistent with its ruling, limiting Mr. Worrell to the filing of "an appropriate pleading seeking relief against creditor Emigrant Mortgage Company for alleged violation of the automatic stay." Case No. 09-15332, ECF No. 94.

On January 17, 2016, Mr. Worrell filed, via counsel Nadine V. White-Boyd, Esq., the *Adversary Complaint for Declaratory Relief, for Violation of the Automatic Stay and for Cancellation of Deeds and for Other Relief* [Adv. Proc. No. 16-01046-EPK, ECF No. 1] (the "Complaint"). The Complaint lists five defendants: Emigrant, Retained Realty, Inc., and the three BFP Owners. The Complaint contains four counts: in Count I, Mr. Worrell requests that the Court declare the foreclosure sale of the Property void as in violation of the automatic stay; in Count II, Mr. Worrell seeks damages against Emigrant for violation of the automatic stay; in Count III, Mr. Worrell seeks cancellation of Emigrant's deed of the Property to Retained Realty, Inc.; and in Count IV, Mr. Worrell seeks cancellation of Retained Realty, Inc's deed of the Property to the BFP Owners.

On February 19, 2016, the BFP Owners served the Sanctions Motion on Mr. Worrell and Ms. White-Boyd. The Sanctions Motion describes the factual background of the case, and states cause for sanctions under Fed. R. Bankr. P. 9011. In essence, in the Sanctions Motion, the BFP Owners allege that the Complaint violates Rule 9011(b)(2) because the contentions stated therein are not warranted by existing law or a nonfrivolous argument for modification of existing law. Specifically, the BFP Owners argue that the Complaint has no merit because: the automatic stay was not in effect at the time of the foreclosure sale and so Emigrant could not have violated the stay; the Complaint violates the Court's order reopening the bankruptcy proceeding by seeking relief Mr. Worrell was not permitted to seek; and the Court lacks authority to grant the requested relief, as a result of the Rooker-Feldman doctrine and the doctrines of *res judicata* and collateral estoppel, because the Florida courts had already ruled against Mr. Worrell. The Sanctions Motion clearly stated that "this Motion shall not be filed with the Court if the Complaint is dismissed in its entirety."

On February 26, Emigrant and Retained Realty, Inc. filed the Motion to Dismiss, in which they requested full dismissal of the Complaint. In the Motion to Dismiss, Emigrant and Retained Realty, Inc. substantially reiterate and join in the arguments contained in the Sanctions Motion, and also argue that the Complaint was time-barred under 11 U.S.C. § 546.

In compliance with Rule 9011's 21-day "safe harbor" period, the BFP Owners provided Mr. Worrell until March 11, 2016 to withdraw the Complaint. On March 11, 2016, counsel for the parties agreed to a 7-day extension of the safe harbor period, to March 18, 2016.

On March 18, 2016, the parties appeared to reach agreement on the Sanctions Motion. The parties agreed that counsel for the BFP Owners would draft a proposed order,

for review by counsel for Mr. Worrell prior to submission to the Court. When the parties spoke again on March 22, 2016, however, they realized that there had not been a meeting of the minds. Ms. White-Boyd stated that, in spite of its actual text, she had interpreted the Sanctions Motion as a request to dismiss the Complaint solely as against the BFP Owners. Accordingly, she had obtained authority from Mr. Worrell to amend the Complaint only to remove the BFP Owners. In response, counsel for the BFP Owners insisted, consistent with the request for relief in the Sanctions Motion, that the entire Complaint be dismissed. The reason for this is obvious from the face of the Complaint, which seeks an order invalidating the initial foreclosure sale and thus the source of title now held by the BFP Owners. Removing just the BFP Owners from the litigation would leave the property interest of the BFP Owners still in jeopardy, as granting the remaining relief could make their deed retroactively void, and so the BFP Owners would need to seek to intervene to represent their interests.

The parties now dispute the exact contents of the conversation between counsel on March 22, 2016. Ms. White-Boyd states that she told counsel for the BFP Owners that she would need additional time to discuss the situation with Mr. Worrell, and argues that the failure of counsel for the BFP Owners to respond to that statement was the equivalent of a second extension of the safe harbor period. The BFP Owners state that no such extension was discussed, and no such extension would have been granted under the circumstances.

The BFP Owners filed the Sanctions Motion on March 23, 2016. The Court set both the Sanctions Motion and the Motion to Dismiss for hearing on March 31, 2016.

After the filing of the Sanctions Motion, Ms. White-Boyd sent an email to counsel for the BFP Owners. ECF No. 36, Exh. 11. In the email, Ms. White-Boyd stated the following:

> I was shocked to receive your motion for sanctions. Per my email last week I
> indicated my client's agreement to dismiss the action against your clients,
> Ingram and Sysimetsa. However during our conversation regarding the

> dismissal you indicated that you wanted all counts related to cancellation of
> the deed to be dismissed. As this was not discussed with my client, at the end
> of our conversation I stated "give me a couple of days to talk to my client
> regarding this new issue". *You did not indicate that you were not giving me a
> "couple of days" to talk to my client regarding this new development.* I was in
> complete shock and taken aback upon receiving your motion for sanctions
> today. Your utter disregard for this professional courtesy is not the way to
> practice. Do not ask me for any courtesies.

*Id.*, emphasis added.

On March 28, 2016, Mr. Worrell filed an *Amended Adversary Complaint for
Declaratory Relief and for Violation of the Automatic Stay* [ECF No. 27] (the "Amended
Complaint"). With the Amended Complaint, Mr. Worrell removed the BFP Owners as
defendants, and removed Counts III and IV from the original Complaint. Mr. Worrell did
not, however, alter Counts I or II of the Complaint. As a result, in the Amended Complaint,
Mr. Worrell still sought relief that would have ultimately left the BFP Owners with, at
best, the need to litigate over their right to the Property.

At the hearing on March 31, 2016, the Court found that the Complaint violated Rule
9011(b)(2). Specifically, the Court ruled that under existing law, taking into account the
allegations in the Complaint itself, the automatic stay was not in effect at the time of the
foreclosure sale, and so the foreclosure sale was valid.[3] Since all of the relief requested in
the Complaint relied on the Court finding a violation of the stay, there was no basis for any

---

[3] The Court refers the parties to the transcript of the hearing for the Court's complete ruling with
regard to the effect of prior rulings of the Court on the existence of the automatic stay at the time of
the foreclosure sale. In short, Mr. Worrell had asked the Court to vacate an order dismissing his
chapter 13 case. The Court set a hearing on that motion on the day prior to a scheduled foreclosure
sale. At the hearing, the Court ruled that it would vacate dismissal of his case. However, Mr.
Worrell failed to ask the Court to enter that order immediately, and the order vacating dismissal
was not entered until after the foreclosure sale was completed under Florida law, thus vesting title
in the mortgage lender. The Court ruled that the Court's oral ruling on the record, prior to entry of a
written order, had no force or effect, that the written order vacating the prior dismissal of Mr.
Worrell's case did not result in retroactive imposition of the automatic stay, that there was no
automatic stay in effect at the time Mr. Worrell irretrievably lost title to the real property, and so
there was no basis for the relief requested in the Complaint. The Court thus granted the Motion to
Dismiss, dismissing the Complaint in its entirety, with prejudice. ECF No. 47.

of the relief requested in the Complaint. In so ruling, the Court noted that not a single reported decision supported Mr. Worrell's position and that it would not be possible to make a nonfrivolous argument that the law should be adjusted to permit the relief requested by Mr. Worrel in the Complaint.

The Court did not grant the Sanctions Motion during the hearing, however, due to the parties' dispute as to whether the BFP Owners had filed the Sanctions Motion during the safe harbor period. The Court determined to hold a continued hearing on April 14, 2016, following submission of evidence and memoranda. At the continued hearing, the Court determined to take the matter under advisement.

**Analysis**

Three questions remain before the Court with respect to the Sanctions Motion. First, the Court must determine whether the BFP Owners filed the Sanctions Motion during the safe harbor period. Second, the Court must determine whether Mr. Worrell "appropriately corrected" the Complaint during the pendency of the safe harbor period. Third, if necessary, the Court must determine the appropriate amount of sanctions and who should be responsible for payment of sanctions.

As to the first question, the Court finds that the BFP Owners did not agree to extend the safe harbor period past the first extension, which ended on March 22, 2016. Ms. White-Boyd admitted in her own e-mail correspondence to the BFP Owners that she requested a further extension on that date, and the BFP Owners did not respond to her request. In order for the Court to find a valid agreement to extend the safe harbor period, the Court would need to interpret the failure of the BFP Owners to respond to Ms. White-Boyd as their silent assent.

It is a foundational point of contract law that, in order to form an enforceable agreement, an offeree must accept an offer from an offeror. Absent specific indications of

intent to accept an offer, an offeree's silence is not acceptance of an offer. *See U.S. v. Weaver*, 905 F.2d 1466, 1473 (finding no agreement where offeree initially failed to respond because absent particular circumstances not present, "an offeror does not have the power to cause the mere silence of an offeree to operate as an acceptance") (citing Restatement (Second) of Contracts, § 69). Even assuming Ms. White-Boyd's account of the parties' conversation on March 22, 2016 is accurate, no evidence before the Court suggests that the BFP Owners' silence should be construed as acceptance of her offer to form an enforceable agreement to further extend the safe harbor period.

Accordingly, the Court finds that the safe harbor period expired on March 22, 2016. The BFP Owners appropriately filed the Sanctions Motion the following day.

Likewise, the Court finds that Mr. Worrell did not withdraw or appropriately correct the Complaint prior to the filing of the Sanctions Motion. At best, Mr. Worrell offered to remove the BFP Owners from the Complaint. There are two problems with this. First, Rule 9011(c)(1)(A) requires that the offending document be withdrawn or appropriately corrected. Even if amendment to the Complaint to remove the BFP Owners would have been sufficient, and it would not, the way to achieve such a correction would be to actually file and serve an amended complaint. Merely stating an offer to take such an action is not sufficient under Rule 9011(c)(1)(A). Second, it is obvious from the face of the Amended Complaint that the rights of the BFP Owners would remain at issue, likely requiring the BFP Owners to attempt to intervene in the action to represent their interests, as the Amended Complaint still sought invalidation of the property transfers that form the basis for title now held by the BFP Owners. To remedy the Complaint with regard to the BFP Owners, Mr. Worrell needed to either withdraw it entirely or, at a minimum, amend the Complaint such that just Count II remained, which requested only damages against Emigrant. This Mr. Worrell did not even suggest he would do.

The final issue before the Court is who should be responsible for payment of the sanction. Counsel is always held responsible as well as counsel's firm. Fed. R. Bankr. P. 9011(c)(1)(A). The question is whether Mr. Worrell should himself be subject to monetary sanctions. Here, there was no basis for relief on the claims presented because, in light of the undisputed facts, the law prohibits the relief. The Complaint constituted a violation of Rule 9011(b)(2), for which a represented party may not be held liable. Fed. R. Bankr. P. 9011(c)(2)(A). Sanctions will thus be payable only by Ms. White-Boyd and her firm.

**Conclusion**

For the foregoing reasons and for the reasons stated on the record at the hearings on March 31 and April 14, 2016, the Court ORDERS AND ADJUDGES that:

1.     The Sanctions Motion [ECF No. 21] is GRANTED. The Court will award sanctions against Ms. White-Boyd and her former firm, Markarian Frank & Hayes, in an amount equal to the legal fees and expenses incurred by the BFP Owners in the preparation and prosecution of the Sanctions Motion.

2.     No later than May 24, 2016, the BFP Owners shall file and serve an affidavit attesting to the legal fees and expenses incurred by the BFP Owners in connection with preparation and prosecution of the Sanctions Motion. The affidavit shall identify the lawyers responsible for providing legal services, describe the services provided in reasonable detail, assign time entries for work done, and state a billing rate for each professional. No later than May 31, 2016, Ms. White-Boyd and/or Markarian Frank & Hayes may file a response to the affidavit addressing only the reasonableness of such fees and expenses. Thereafter, the Court will enter a separate order addressing the amount and timing of payment of the sanction.

###

Copies furnished to:

Seth P. Traub, Esq.

*Seth P. Traub, Esq. is directed to serve a conformed copy of this order on all appropriate parties and file a certificate of service with the Court.*



ORDERED in the Southern District of Florida on May 19, 2016.

Erik P. Kimball, Judge
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                          Case No. 09-15332-EPK
                                                Chapter 13
   Joseph Llewellyn Worrell                     Adversary Proceeding No. 16-01046
                                                U.S. District Court Case No. 16-cv-80694-KAM

_____Debtor_____/

Joseph Llewellyn Worrell

           Plaintiff,
vs.

Emigrant Mortgage Company
Retained Realty, Inc.

_____Defendant_____/

### ORDER DISMISSING BANKRUPTCY APPEAL

     A Notice of Appeal was filed on 05/02/2016____, by Joseph Worrell_____ appealing an order entitled Order Granting Defendant Emigrant Mortgage Company's And Retained Realty (#47)

(rev. 12/01/15)

A review of the record indicates that:

☐   The appeal was filed after the time specified in Bankruptcy Rule 8002. [See also Local Rule 8002-1(A).]

☑   Appellant failed to timely file the designation of the items for the record or its statement of the issues as required by Bankruptcy Rule 8009. [See also Local Rule 8009-1(A).]

☐   A "Notice of Deficiency Related to Filing an Appeal" was provided by the Clerk to the appellant indicating that the filing fee required by Bankruptcy Rule 8003(a)(3)(c) has not been remitted and the appellant has not timely remedied this deficiency. [See also Local Rule 8003-1.]

Accordingly, it is

**ORDERED** that this appeal is DISMISSED as authorized and directed by Local Rule 87.4(c) of the U.S. District Court.

### ###

The clerk shall serve a copy of this order on all parties to the appeal and the U.S. Trustee

(rev. 12/01/15)