UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:

IN RE JOSEPH LLEWELLLYN WORRELL   Chapter 13
a/k/a JOEY WORRELL,   Case No. 09-15332-EPK

        Debtor.
_____/

JOSEPH LLEWELLLYN WORRELL
a/k/a JOEY WORRELL,

        Appellant,

vs.   Case No. 9:16-cv-80837-KAM

EMIGRANT MORTGAGE COMPANY, INC.;
RETAINED REALTY, INC.;
CHAD INGRAM, SANNAA INGRAM,
AND ILKKA JUHANI SYSIMETSA,

        Appellees.
_____/

**MOTION TO DISMISS APPEAL FOR LACK OF STANDING
AND INCORPORATED MEMORANDUM OF LAW**

Appellees, Chad Ingram, Sannaa Ingram, and Ilkka Juhani Sysimetsa (the "BFP Owners"), hereby move this Court for entry of an order dismissing the appeal of the Bankruptcy Court's Order Granting Motion for Sanctions ("Sanctions Order") due to Appellant's lack of standing. The Appellant, Joseph L. Worrell ("Worrell"), lacks standing to appeal the Sanctions Order because he is not a person aggrieved; and, as such, there is no case or controversy before this Court.  In support, the BFP Owners state:

1. On May 10, 2016, the Bankruptcy Court entered the Sanctions Order (Bankr. Dkt. 66).

2. In the Sanctions Order, the Bankruptcy Court found that the complaint in the underlying adversary proceeding violated Bankruptcy Rule 9011(b)(2) because there was no basis for relief on the claims presented. However, because the Bankruptcy Court found that a represented party may not be held liable for violation of Bankruptcy Rule 9011(b)(2), the sanctions would be payable only by Worrell's counsel.

3. Because the Sanctions Order did not grant any sanction against him individually, Worrell lacks standing to appeal because he is not a "person aggrieved" by the Sanctions Order.

4. In appeals from a bankruptcy court order, standing is controlled by the "person aggrieved" doctrine, which limits standing to those individuals who have a financial stake in the order being appealed. *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.),* 764 F. 3d 1321, 1324-25 (11th Cir. 2014).

5. The Sanctions Order does not diminish Worrell's property, increase Worrell's burdens, or impair Worrell's rights. *See id*.

6. Accordingly, this appeal should be dismissed because Worrell lacks standing.

WHEREFORE, Appellees respectfully request this Court enter an order dismissing this appeal, and granting such other and further relief as this Court deems proper, including an award of damages and costs pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedures.

## MEMORANDUM OF LAW

### FACTUAL BACKGROUND

On January 17, 2016, through his counsel, Worrell filed the Complaint in the underlying adversary proceeding (Bankr. Dkt. 1) (the "Complaint"), wherein he sought to void, among other things, the BFP Owners' title to real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property"), which was purchased in an arms-length *bona fide* purchaser for value transaction.  The BFP Owners purchased the Property from Retained Realty, Inc., who received title from Emigrant Mortgage Company, Inc. ("Emigrant"), who, in turn, obtained a foreclosure judgment against the Debtor and purchased the Property at a foreclosure sale in August 2009 in *Emigrant Mortgage Company, Inc. v. Worrell, et al.,* Case No. 2007-ca-019114 (the "Foreclosure Case").

On February 18, 2016, the BFP Owners filed a Motion to Dismiss the Adversary Proceeding (Bankr. Dkt. 11), through which the BFP Owners argued that the relief sought in the Complaint was barred by the Bankruptcy Court's own prior orders, the *Rooker-Feldman* doctrine, the Full Faith and Credit Act and principles of *res judicata* and collateral estoppel.

On March 23, 2016, following appropriate notice and demand for dismissal of the Complaint under the safe harbor provisions of Rule 9011 of the Federal Rules of Bankruptcy Procedure, the BFP Owners filed a Motion for Sanctions (Bankr Dkt. 21), wherein they sought sanctions against both Worrell and his counsel because the claims in the Complaint were not supported by the material facts necessary to establish them, and were not supported by the application of existing law to those material facts.

By order dated April 13, 2016, the Bankruptcy Court dismissed the Adversary Proceeding,[1] and on May 10, 2016, the Bankruptcy Court entered the Sanctions Order. In the Sanctions Order, the Bankruptcy Court found that the Complaint violated Bankruptcy Rule 9011(b)(2) because there was no legal basis for the relief requested in the Complaint. However, because the Bankruptcy Court found that a represented party may not be held liable for violation of Rule 9011(b)(2), the sanctions would be payable only by Worrell's counsel, and not by Worrell individual.

This appeal ensued.

## ARGUMENT

Due to the nature of bankruptcy proceedings, "special rules have been developed to govern which parties may appeal a bankruptcy court order." *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.),* 764 F. 3d 1321, 1324-25 (11th Cir. 2014). To pursue an appeal of a bankruptcy court order, a party must demonstrate that it is a "person aggrieved" by the order. *In re Westwood Cmty Two Ass'n Inc.,* 293 F. 3d 1332, 1335 (11th Cir. 2002)). The person-aggrieved doctrine is more restrictive than traditional Article III standing, as it allows a person to appeal a bankruptcy order only when they are "directly and adversely affected pecuniarily by the order." *In re Vick*, 233 Fed.Appx. 897, 899 (11th Cir. 2007)

---

[1] The Bankruptcy Court's Order Granting Defendant Emigrant Mortgage Company's And Retained Realty, Inc's Motion to Dismiss is also the subject of Worrell's appeal to this Court. The same order denied the BFP Owners' Motion to Dismiss as moot because, after they filed the Motion for Sanctions, Worrell filed an Amended Complaint that dropped the BFP Owners as named parties, although (as described in more detail in the Sanctions Order), the BFP Owners' title to the Property was still at risk given the claims that remained.

The "person aggrieved" doctrine defines aggrieved persons as "those individuals who are "directly, adversely, and pecuniarily affected by a bankruptcy court's order." *Ernie Haire Ford,* 764 F. 3d at 1325 (citations omitted).[2]  "An order will directly, adversely, and pecuniarily affect a person if that order diminishes their property, increases their burdens, or impairs their rights." *Id.; Westwood Cmty Two Ass'n Inc.,* 293 F. 3d at 1335.

Worrell is not a "person aggrieved" because he is not directly, adversary or pecuniarily affected by the Sanctions Order.  In the Sanctions Order, the Bankruptcy Court found that because the Complaint violated Rule 9011(b)(2), monetary sanctions were not awarded against Worrell. Worrell was not sanctioned by the Bankruptcy Court.  Therefore, the Sanctions Order does not diminish his property, increase his burdens, or impair his rights.

Accordingly, Worrell's appeal of the Sanctions Order should be dismissed for lack of standing.

          **SHUMAKER, LOOP & KENDRICK, LLP**

          By:*/s/ Seth P. Traub*
          **STEVEN M. BERMAN**
          Florida Bar No. 856290
          sberman@slk-law.com
          **SETH P. TRAUB**
          Florida Bar No. 022088
          straub@slk-law.com
          101 East Kennedy Blvd, Suite 2800
          Tampa, Florida  33602
          Phone: (813) 229-7600; Fax: (813) 229-1660
          *Attorneys for the Appellees*

---

[2] According to the Eleventh Circuit, the person aggrieved standard does not speak to a court's subject-matter jurisdiction; instead, "it tells us which parties may appeal from a bankruptcy court order." *Ernie Haire Ford,* 764 F.3d at 1325, n.3.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2016, a true and correct copy of the foregoing will be served via U.S. mail and/or CM/ECF notice upon the following:

**Joseph Llewellyn Worrell**
PO Box 30071
West Palm Beach, FL 33420

**Lisa Marie Castellano**
Becker & Poliakoff
1511 N. West Shore Blvd., Suite 1000
Tampa, FL 33607

*/s/ Seth P. Traub*