## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### U.S. DISTRICT COURT CASE NO.: 9:16-CV-80837-KAM

### ADVERSARY PROCEEDINGS: 16-10146-EPK

### JOSEPH L. WORRELL,

*Appellant*,

v.

### EMIGRANT MORTGAGE COMPANY, INC.

*Appellee.*

*ON APPEAL FROM THE UNITED STATES BANKRUPCTY COURT OF SOUTHERN FLORIDA (WEST PALM BEACH)*

---

### APPELLEE'S ANSWER BRIEF

---

**STEVEN M. DAVIS**
**FLORIDA BAR NO.: 894249**
**BECKER & POLIAKOFF, P.A.**
*Attorneys for Appellees*
*Emigrant Mortgage Company and*
*Retained Realty, Inc.*
**121 Alhambra Plaza, Suite 1000**
**Miami, Florida 33134**
**305/262-4433 (Miami-Dade)**
**954/463-7920 (Broward)**
**305/442-2232 (Facsimile)**
**E-Mail: Sdavis@becker-poliakoff.com**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

I.   ISSUES PRESENTED AND STANDARD OF REVIEW ..................................1

II.  STATEMENT OF THE CASE ............................................................2

III. ARGUMENT ...............................................................................5

  A. Introduction ............................................................................5

  B. The Bankruptcy Court Properly Granted Emigrant Mortgage Company's and
     Retained Realty, Inc.'s Motion to Dismiss, as Based Solely Upon a Review of
     the Allegations in the Adversary Complaint and Amended Adversary
     Complaint, There Was No Violation of Any Stay, ..........................................6

  C. Counts III and IV Were Unauthorized and Properly Dismissed....................10

  D. The Bankruptcy Court Properly Found WORRELL'S Action was Barred by
     the Rooker-Feldman Doctrine, Res Judicata and Collateral Estoppel...........11

IV. RESPONSE TO WORRELL'S ARGUMENTS ...............................................16

  A. WORRELL'S Claim that "a Lien Which Pre-Exists an Underlying Promissory
     Note May be Invalid and Unenforceable as a Matter of Law" is Without Merit,
     Waived, and to the Extent Valid, was Defeated as Judgment was Entered by
     the Circuit Court ........................................................................16

  B. The SCRA Operates to Protect the Rights and Property of Servicemembers
     But No Such Stay Was in Effect at the Time of the Foreclosure Sale of August
     31, 2009 ..................................................................................16

  C. Federal Law Including 11 USC §362 Operates to Protect Property of the
     Bankruptcy Estate But No Such Stay Was in Effect at the Time of the
     Foreclosure Sale of August 31, 2009 ..................................................17

  D. Worrell Misinterprets the Effect of the "Dismissal Statute" Revesting Property
     in the Bankruptcy Estate................................................................18

V.  CONCLUSION...............................................................................20

CERTIFICATE OF FONT COMPLIANCE .......................................................21

CERTIFICATE OF SERVICE ..................................................................21

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Fla. Dep't of Transp. v. Juliano,* 801 So. 2d 101, 105 (Fla. 2001)..........................14

*George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir.1996)...........1

*In re Beatty,* 162 B.R. 853, 857–58 (9th Cir. BAP 1994) .........................................8

*In re Brown,*  290 B.R. 415, 421 (Bankr. M.D. Fla. 2003)....................................8, 9

*In re Derrick,* 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995) ...................................19

*In re Glass*, 240 B.R. 782, 785 (Bkrtcy. M.D. Fla. 1999) ........................................12

*In re Hartnett,* 2004 WL 3170445, at *1 (S.D. Fla. 2004 ......................................13

*In re Hill*, 305 B.R. 100, 107-108 (Bankr. M.D. Fla. 2003)....................................9

*In re Lashley,* 825 F.2d 362, 364 (11th Cir. 1987) ...............................................9

*In re Lewis & Coulter, Inc.,* 159 B.R. 188, 190 (Bankr. W.D. Pa. 1993) ..............19

*In re Lomagno*, 320 B.R. 473, 477 (B.A.P. 1st Cir. 2005), <u>aff'd,</u> 429 F.3d 16 (1st Cir. 2005)....................................................................................................2, 10

*In re Montana*, 185 B.R. 650, 652 (Bkrtcy. S.D. Fla. 1995) ...................................14

*In re Parks,* 2005 WL 6491918, at *2 .......................................................9

*In re Randall*, 358 B.R. 145, 168 (Bankr. E.D. Pa. 2006)......................................19

*In re Rebeor,* 89 B.R. 314, 320 (Bankr. N.D. N.Y. 1988)........................................8

*In re Sea Span Publications, Inc.,* 126 B.R. 622, 624 (Bkrtcy. M.D. Fla. 1991)....14

*In re Searcy,* 313 B.R. 439, 443 (Bankr. W.D. Ark. 2004) ......................................9

*In re Serrato,* 214 B.R. 219, 227 (Bankr. N.D. Cal. 1997).....................................19

*In re Tim Wargo & Sons, Inc.,* 107 B.R. 622, 625 (Bankr. E.D. Ark. 1989) ...........8

*In the Matter of Robinson*, 13-10244-WHD, 2014 WL 7793688, at *2 (Bankr. N.D. Ga. 2014) ............................................................................................10

*Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984) ..................................... 14, 15

*Mortg. Elec. Registration Sys., Inc. v. Badra,* 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008).............................................................................................15

*Potthoff*, 245 F.3d at 715.............................................................................1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

*Powell v. Powell,* 80 F.3d 464, 466 (11th Cir. 1996) ...............................................12

*Rice-Lamar v. City of Ft. Lauderdale*, 853 So. 2d 1125, 1131 (Fla. 4th DCA 2003) ................................................................................................................................15

*Rogers v. Overstreet (In re Rogers),* 164 B.R. 382 (Bankr. N.D. Ga. 1994) .........14

*Seminole Tribe of Florida v. Florida, Dept. of Revenue,* 917 F.Supp.2d 1255, 1257 (S.D. Fla. 2013) .............................................................................................11

*TI Fed. Credit Union v. DelBonis*, 72 F.3d 921, 928 (1st Cir.1995) .......................1

*Western Auto Supply Co.* v. Savage Arms, Inc. (In re Savage Indus., Inc.), 43 F.3d 714, 719–20, n. 8 (1st Cir.1994).............................................................................1

**Other Authorities**

11 U.S.C. §549 ...........................................................................................................11

11 USC §349(b)(3)............................................................................................. 18, 19

11 USC §362 ...................................................................................................... 10, 17

28 U.S.C. §1257 (1999) ............................................................................................12

28 U.S.C. §1331 ........................................................................................................12

28 USC §1334 ..............................................................................................................4

50 USC App §522(b) .................................................................................................17

50 USC App §522(d) .................................................................................................17

H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977) ..............................................18

U.S.Code Cong. & Admin.News 1978, pp. 5963, 6294–95 ....................................18

**Rules**

Fed.R.Civ.P. 12(c).......................................................................................................1

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## I.    ISSUES PRESENTED AND STANDARD OF REVIEW

This is an appeal of four orders of the United States Bankruptcy Court, as indicated below:

1.    ECF[1] #47 April 12, 2016 Order Granting Defendant Emigrant Mortgage Company's and Retained Realty Inc.'s Motion to Dismiss and Denying as Moot Chad Ingraham, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion to Dismiss

2.    ECF #77 Order Denying Motions to Reconsider and Motion to Strike

3.    ECF #66 Order Granting Motion for Sanctions

4.    ECF #80 Order Dismissing Bankruptcy Appeal

Appellate courts reviewing an order of bankruptcy court generally apply the clearly erroneous standard of review to findings of fact and the *de novo* standard of review to conclusions of law.

> Appellate courts reviewing an appeal from the bankruptcy court generally apply the "clearly erroneous" standard to findings of fact and *de novo* review to conclusions of law. *See TI Fed. Credit Union v. DelBonis,* 72 F.3d 921, 928 (1st Cir.1995); *Western Auto Supply Co. v. Savage Arms, Inc. (In re Savage Indus., Inc.),* 43 F.3d 714, 719–20, n. 8 (1st Cir.1994). The bankruptcy court's conclusion that granting judgment on the pleadings was appropriate is a conclusion of law and thus, is reviewed *de novo. See Potthoff [v. Morin]* 245 F.3d at 715 ("A judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is reviewed *de novo*"); *George v. Pacific–CSC Work Furlough,* 91 F.3d 1227, 1229 (9th Cir.1996) (same).

---

[1] Citations to Case Number 16-80837, shall be as follows: "(ECF #__")".

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

*In re Lomagno*, 320 B.R. 473, 477 (B.A.P. 1st Cir. 2005), *aff'd*, 429 F.3d 16 (1st Cir. 2005). In the instant case, the facts reviewed by the bankruptcy court were "based solely on the allegations in the Adversary Complaint and Amended Adversary Complaint" [ECF #1 p.4]. There were no disputed facts.

## II.    STATEMENT OF THE CASE

The orders on appeal all emanate from WORRELL'S filing of an Adversary Complaint on January 17, 2016. The Adversary Proceeding was commenced in WORRELL'S previously dismissed Chapter 13 bankruptcy case, Case # 09-15332-EPK. In that case, WORRELL filed his petition for relief on March 26, 2009 [ ECF-B$^2$ # ¶ 9]. Listed on WORRELL'S Schedule A was his interest in real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 and more specifically described as:

> Lot 62, SECTION THREE CALOOSA 1st ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

(hereinafter the "Real Property") [ECF-B # ¶ 11].

At the Bankruptcy Court's December 16, 2015 hearing on WORRELL'S Motion to Reopen Chapter 13 case [ECF-B #88], the Court granted the Motion, but **only** for WORRELL to seek sanctions for an alleged violation of the automatic stay

---

$^2$ Citations to Case Number 09-15332 –Bankruptcy, shall be as follows: "(ECF-B #__ ")".

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

[Transcript of December 16, 2015 hearing, Page 27, lines 12-17] [ECF-B #94]. Despite this limitation, WORRELL's original Adversary Complaint [ECF-A[3] #1] sought to challenge ownership and named the current owners of the Real Property as additional Defendants. Although WORRELL'S Amended Adversary Complaint [ECF-A #27] removed the current owners, it continued to challenge ownership by seeking to vacate the deed from Emigrant Mortgage Company, Inc. to Retained Realty, Inc., a wholly owned subsidiary of Emigrant Mortgage Company, and to vacate the foreclosure sale [ ECF-A, #27 ¶49-¶53]. The relief requested by WORRELL would have adversely affected title held by the current owners of the Real Property. Such relief was not only not authorized by the Bankruptcy Court's December 16, 2015 order, but the Bankruptcy Court specifically admonished WORRELL at the December 16, 2015 hearing that the only relief he could seek was to pursue a violation of the automatic stay under Section 362. [ECF-B, # 97 p.27].

The gravamen of WORRELLS Adversary Complaint and Amended Adversary Complaint was that Emigrant violated the automatic bankruptcy stay or Servicemembers' Civil Relief Act stay at the time of the foreclosure sale of Real Property formerly owned by WORRELL. As the Bankruptcy Court held, EMIGRANT did not violate either stay as no stay was in effect. [ECF # 1 p.4] The

---

[3] Citations to Case Number 16-10146 – Adversary, shall be as follows: "(ECF-A #__")."

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Circuit Court in Palm Beach County, Florida ("State Court") had concurrent jurisdiction with the Bankruptcy Court, as to the scope and extent of both the automatic stay as well as any stay pursuant to the Servicemembers' Civil Relief Act. Additionally, the State Court had exclusive jurisdiction over the foreclosure action, foreclosure sale, and transfer of title of the Real Property.

The Bankruptcy Court had exclusive jurisdiction only over the main bankruptcy proceeding pursuant to 28 USC §1334 and was barred by the doctrines of *res judicata* and collateral estoppel from setting aside, or otherwise affecting the foreclosure sale which transpired over six years before the adversary complaint was filed.

On April 12, 2016, the Bankruptcy Court granted Emigrant Mortgage Company's and Retained Realty Inc.'s Motion to Dismiss. [ECF-A #47]. On April 27, 2016, WORRELL filed a Motion for Reconsideration [ECF-A #53]. On May 11, 2016, WORRELL filed an Amended Motion to Reconsider and Motion for Rehearing. [ECF-A #69]. On May 18, 2016, the Bankruptcy Court Denied WORRELL'S MOTION to Reconsider[4]. [ECF-A #77].

Prior to the dismissal, the current owners of the property, Chad Ingraham, Saana Ingram, and Ilkka Juhani Sysimetsa, through counsel, served a Motion for

---

[4] In the same order, the Court denied Emigrant's Motion to Strike, deeming it moot.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Sanctions pursuant to Rule 9011.  On May 9, 2016, the Bankruptcy Court granted that Motion. [ECF-A #66].  WORRELL then filed his Notice of Appeal.  Due to WORRELL not timely filing the designation of items for the record or its statement of issues in accordance with Bankruptcy Rule 8009, on May 19, 2016, the Bankruptcy Court dismissed his appeal [ECF-A #80].

EMIGRANT will not be addressing the Order granting the Sanctions Motion filed by Chad Ingraham, Saana Ingram, and Ilkka Juhani Sysimetsa [ECF-A #66] as it is not a party to same.  Emigrant has no objection to this Court reversing the Order dismissing appeal as it appears to have been improperly entered [ECF-A #80]. EMIGRANT will address the April 12, 2016 Order Granting Defendant Emigrant Mortgage Company's and Retained Realty Inc.'s Motion to Dismiss and Denying as Moot Chad Ingraham, Saana Ingram, and Ilkka Juhani Sysimetsa's Motion to Dismiss, [ECF-A #47],  and the Order Denying Motions to Reconsider and Motion to Strike, [ECF-A #77].

## III.   <u>ARGUMENT</u>

**A.    Introduction.**

WORRELL'S brief does not follow the prescribed format in Bankruptcy Rule 8014.   The brief includes sections captioned "Effect of SCRA on Bankruptcy Proceedings", "Statements of Law", "Discussion", Material Admissions by

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Emigrant", "Standing", "Does Emigrant Hold a Valid Lien", along with the required "Summary of Argument" and "Argument" sections.

The dispositive issue here is whether any stay was in effect on August 31, 2009, the day of the foreclosure sale of the Real Property formerly owned by WORRELL.  The Bankruptcy Court found no stay was in effect.  Emigrant will address that issue and then address WORRELL'S arguments.

**B.     The Bankruptcy Court Properly Granted Emigrant Mortgage Company's and Retained Realty, Inc.'s Motion to Dismiss as, Based Solely Upon a Review of the Allegations in the Adversary Complaint and Amended Adversary Complaint There Was No Violation of Any Stay.**

The basis for the Adversary Complaint and Amended Adversary Complaint was that the foreclosure sale of the Real Property which occurred on August 31, 2009 violated a bankruptcy stay.  In actuality, no stay was in effect.  The Bankruptcy Court was correct in its review of the facts as alleged in the Adversary Complaint and Amended Adversary complaint.  The relevant history is below:

On July 1, 2009, WORRELL'S bankruptcy case was dismissed.  On July 3, 2009, in the Bankruptcy Court, WORRELL filed a Motion to Stay Proceedings and Motion to Vacate Dismissal [ECF-B #30].  On July 29, 2009, when no stay was in effect, the Circuit Court reset the sale on WORRELL'S property for August 31, 2009.  WORRELL'S Motion to Vacate Dismissal and Stay Proceedings was set for hearing on August 27, 2009. [ ECF-B #31].  As per the Certificate of Service on the

Motion and the Certificate of Mailing of the Notice of Hearing, [ ECF-B #34],
EMIGRANT was not served with the Motion or Notice of Hearing.  As reflected in
the hearing transcript, EMIGRANT did not attend the subject hearing. [ECF-B #100
p.2, 4]

```
3        THE COURT:  I just realized that there's
4        another issue here.  There's no certificate of service
5        filed for today's notice of hearing.
6        MR. HUNTER:  That was an oversight on my
7        part, Your Honor.
8        THE COURT:  Was the hearing noticed?  Did
9        you provide notice?
10       MR. HUNTER:  No, I did not.
11       THE COURT:  Okay.  That is a problem.
12       Because that means that no other party in this case
13       received notice.  The only party that received notice
14       is you.
```

The foreclosure sale was held on August 31, 2009 and the Certificate of Sale
was issued by the Clerk.  EMIGRANT was the successful bidder.  No objections to
the sale were filed.

On September 1, 2009, the Bankruptcy Court entered its Order [ ECF-B #34]
granting the Motion to Vacate Dismissal and Motion for Stay [ECF-B #33].  On
September 3, 2009, the Order was mailed to EMIGRANT [ECF-B #34].  The Order
was effective September 1, 2009.  WORRELL did not request a retroactive vacatur
of the dismissal and the Court did not grant one.  Under those circumstances, the
vacatur was effective when entered: September 1, 2009.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Courts have recognized this general rule that orders are not effective until written. *In re Beatty,* 162 B.R. 853, 857–58 (9th Cir. BAP 1994) (ruling of court regarding conversion of case is effective when written and docketed); *In re Tim Wargo & Sons, Inc.,* 107 B.R. 622, 625 (Bankr. E.D. Ark. 1989) ("It is well settled that a court's oral rulings are not 'operative upon utterance.' "); *In re Rebeor,* 89 B.R. 314, 320 (Bankr. N.D. N.Y. 1988) (oral ruling dismissing case is not operative upon utterance).

*In re Brown,* 290 B.R. 415, 421 (Bankr. M.D. Fla. 2003) is nearly identical to the instant case. The mortgagee was not served with the motion to reinstate the bankruptcy and had no knowledge of the decision reinstating the bankruptcy at the time of the sale. Similarly, here, EMIGRANT received no notice of the hearing and had no knowledge of the hearing until it received the subject order days after the hearing and foreclosure sale occurred. Any argument that EMIGRANT would be bound by the oral order fails because EMIGRANT received no notice of the hearing or oral order.

The Court noted: "It is incumbent upon a movant seeking relief from this Court to ensure proper service to all interested parties so that there are no due process concerns that may cloud any relief that may be obtained from the Court.", *Id.* at 421. Clearly, in the instant case, cancelling Emigrant's foreclosure sale without providing notice to Emigrant would have violated Emigrant's due process rights. Additionally,

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

as in *In re Brown*, there was no docketed public record of this Court's oral ruling made at the time of the hearing.  The *Brown* court found these factors dispositive in following the "well-accepted rule that orders are effective when written and docketed." *Id.* at 422.

Moreover, the oral order did not operate retroactively.  Generally, an Order vacating a previous order dismissing a bankruptcy case does not reinstate the automatic stay retroactively to the date of the dismissal order, so as to invalidate actions affecting the debtor's property that were undertaken in interval between entry of dismissal order and entry of order vacating the same.  *See, for example*, *In re Hill*, 305 B.R. 100, 107-108 (Bankr. M.D. Fla. 2003) ("Clearly, according to the strong weight of authority, vacating the order dismissing  the case does not impose or reinstitute or revive the automatic stay retroactively to the date of the vacated order.")

> When a case is reinstated, the automatic stay is also reimposed. *In re Parks,* 2005 WL 6491918, at *2. However, reinstatement of a case does not reimpose retroactively the stay during the period of time the case was dismissed. *Id*. Creditor actions that take place between dismissal and reinstatement are not affected by the reimposition of the stay. *Id.* (citing *In re Searcy,* 313 B.R. 439, 443 (Bankr. W.D. Ark. 2004)). Moreover, while the Code permits courts to grant stay relief retroactively, no authority exists which authorizes courts to impose a stay retroactively. *Id.*; *see also In re Lashley,* 825 F.2d 362, 364 (11th Cir. 1987).

*In the Matter of Robinson*, 13-10244-WHD, 2014 WL 7793688, at *2 (Bankr. N.D. Ga. 2014). *See also*, *In re Lomagno*, 320 B.R. 473 (B.A.P. 1st Cir. 2005), aff'd, 429 F.3d 16 (1st Cir. 2005). Thus, to the extent WORRELL had a non-time barred claim, there was no violation of any stay, the foreclosure sale and all subsequent actions taken by EMIGRANT were proper. The Bankruptcy Court was correct in granting the Motion to Dismiss and this court must affirm.

## C.   Counts III and IV Were Unauthorized and Properly Dismissed.

When WORRELL sought to reopen his bankruptcy case to file an adversary complaint, the Court specified that the Motion to Reopen would be granted but **only** as to determine whether there was a violation of the stay pursuant to §362 of the Bankruptcy Code. Significantly, the December 18, 2015 Order granting the Motion to Reopen [ECF-B #94] is not being appealed. The Court would not entertain other claims, such as a claim to set aside the foreclosure sale or subsequent transfers. See December 16, 2015 transcript, page 27:

```
12      THE COURT:  The case is reopened solely to
13      permit pursuit of violation of the automatic stay
14      under Section 362, and that is it.  Because my order
15      imposing the stay under the SCRA happened a day after
16      the foreclosure sale, and then your case was dismissed
17      after that stay expired.  Understand?
18      MR. WORRELL:  I understand.
```

Despite the aforementioned understanding, WORRELL filed a four count complaint seeking additional relief setting aside the deeds transferring the Real

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Property.  Moreover, 11 U.S.C. §549 precludes such action against a good faith

purchaser such as the current owners of the property.  WORRELL'S allegations fall

short of finding an exception to §549:

> (c)  The trustee may not avoid under subsection (a) of this section a
> transfer of an interest in real property to a good faith purchaser without
> knowledge of the commencement of the case and for present fair
> equivalent value unless a copy or notice of the petition was filed, where
> a transfer of an interest in such real property may be recorded to perfect
> such transfer, before such transfer is so perfected that a bona fide
> purchaser of such real property, against whom applicable law permits
> such transfer to be perfected, could not acquire an interest that is
> superior to such interest of such good faith purchaser.

The Bankruptcy Court properly found that the requested relief was not

authorized by its December 16, 2015 order, and noted that WORRELL was

admonished at the December 15, 2015 hearing not to seek relief against the bona

fide purchasers.  Despite that admonishment, WORRELL, through counsel, sought

such relief and was properly sanctioned for doing same.

**D.   The Bankruptcy Court Properly Found WORRELL'S Action was Barred by the Rooker-Feldman Doctrine, Res Judicata and Collateral Estoppel.**

A federal district court generally does not have authority to review decisions

made by a state court of competent jurisdiction. *Seminole Tribe of Florida v. Florida,*

*Dept. of Revenue,* 917 F.Supp.2d 1255, 1257 (S.D. Fla. 2013).  Here, the State Court

entered orders denying WORRELL'S numerous attempts to vacate the Foreclosure

Judgment and set aside the Foreclosure Sale.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

The Bankruptcy Court properly cited the *Rooker-Feldman* doctrine when it dismissed the adversary complaint wherein WORRELL improperly sought to have the state foreclosure action relitigated. WORRELL now asks this court to reconsider the dismissal of the adversary complaint, which encompassed the foreclosure sale and decisions previously made by the state circuit judge which were already affirmed on appeal by the State District Court of Appeal. The *Rooker–Feldman* doctrine bars such relitigation.

According to the *Rooker–Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Powell v. Powell,* 80 F.3d 464, 466 (11th Cir. 1996). The doctrine articulates the principle that federal courts are courts of original jurisdiction that do not sit in an appellate capacity with respect to state courts. *In re Glass*, 240 B.R. 782, 785 (Bkrtcy. M.D. Fla. 1999) (citing 28 U.S.C. §1331 (providing that federal district courts are courts of original jurisdiction); 28 U.S.C. §1257 (1999) (limiting federal review of state court proceedings to United States Supreme Court)).

Four criteria must be met for the *Rooker–Feldman* doctrine to apply: (i) the party in federal court is the same as the party in state court; (ii) the prior state court ruling was a final or conclusive judgment on the merits; (iii) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

court proceeding; and (iv) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *In re Hartnett,* 2004 WL 3170445, at *1 (S.D. Fla. 2004).

Considering the first two criteria, the parties in this proceeding – WORRELL and EMIGRANT – they were the same as in the Foreclosure Case and the State Court's prior rulings in the Foreclosure Case, including the foreclosure judgment and affirmances on appeal, were final and conclusive judgments on the merits.

The third and fourth criteria are easily met.  In the State Court, WORRELL had a reasonable opportunity, and did in fact raise exactly the issues that he now raises in this appeal, and in the adversary proceeding below; that the Foreclosure Sale was void as a result of the imposition of the automatic stay.  As the Bankruptcy Court properly held, based solely on the allegations in the Adversary Complaint and Amended Adversary Complaint, the stay was not imposed until *after* the sale occurred. [ECF-A #1, p.4]

Thus, the Bankruptcy Court was correct in dismissing the Adversary Complaint because it is axiomatic that one cannot violate a stay when the stay was not imposed until *after* the purported violation (the foreclosure sale).

The Bankruptcy Court properly held that the Circuit Court was well within its jurisdiction to determine the applicability of the automatic stay to the Foreclosure Case and the Foreclosure Sale as the State Court had concurrent jurisdiction with the

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

bankruptcy court to do so.  It "is settled law" that "[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay." *In re Montana*, 185 B.R. 650, 652 (Bkrtcy. S.D. Fla. 1995) (quoting *Rogers v. Overstreet (In re Rogers),* 164 B.R. 382 (Bankr. N.D. Ga. 1994)); *see also In re Sea Span Publications, Inc.,* 126 B.R. 622, 624 (Bkrtcy. M.D. Fla. 1991) (finding it "is now well established that it is appropriate for a nonbankruptcy forum to determine the reach and scope of the automatic stay").

Thus, all four criteria for applicability of the *Rooker-Feldman* doctrine were met and the bankruptcy court properly cited the *Rooker-Feldman* doctrine when it dismissed the adversary complaint.

Finally, in its dismissal, the Bankruptcy Court cited the doctrines of *res judicata* and collateral estoppel as additional bases for barring relief in Bankruptcy Court.  Under the doctrine of res judicata, a judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action.  *Fla. Dep't of Transp. v. Juliano,* 801 So. 2d 101, 105 (Fla. 2001) (emphasis in original) (citing *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984)).  "Importantly, the

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case." *See id.*

Similarly, collateral estoppel prohibits relitigating an issue that has been fully litigated by the same parties or their privies, where there has been a final decision rendered by a court. *Mortg. Elec. Registration Sys., Inc. v. Badra,* 991 So. 2d 1037, 1039 (Fla. 4th DCA 2008) (citing *Rice-Lamar v. City of Ft. Lauderdale*, 853 So. 2d 1125, 1131 (Fla. 4th DCA 2003)).

EMIGRANT filed its Foreclosure Case against WORRELL in the State Court. WORRELL appeared in the Foreclosure Case and asserted a variety of defenses, appealed the judgment against him, and sought on multiple occasions to void the Foreclosure Judgment and void the Foreclosure Sale, including on the basis that the automatic stay precluded the Foreclosure Sale and issuance of a Certificate of Title.

In the adversary proceeding, WORRELL'S claims all related to the foreclosure and the arguments he previously asserted in the Foreclosure Case. Because the doctrines of *res judicata* and collateral estoppel preclude re-litigating claims and issues that were or could have been raised in the Foreclosure Case, the Bankruptcy Court properly held that it was barred from providing relief and thus dismissed the adversary complaint.  This court must affirm.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## IV.   <u>RESPONSE TO WORRELL'S ARGUMENTS</u>

EMIGRANT will respond below to WORRELL'S arguments, as framed by

WORRELL, and reframed by EMIGRANT.

**A.   WORRELL'S Claim that "a Lien Which Pre-Exists an Underlying Promissory Note May be Invalid and Unenforceable as a Matter of Law" is Without Merit, Waived, and to the Extent Valid, was Defeated as Judgment was Entered by the Circuit Court.**

WORRELL: "A LIEN WHICH PRE-EXIST AN UNDERLYING PROMISSORY NOTE MAY BE INVALID AND UNENFORCEABLE AS A MATTER OF LAW"

To the extent this argument had any merit, which it does not, it would have

had to have been raised in the State Court sometime before judgment as the State

Court had exclusive jurisdiction over the Foreclosure Case.  To the extent it was

raised, it was defeated as judgment was entered and affirmed on appeal.  To the

extent it was not raised, it has been waived.  More importantly, this issue does not

appear in the Amended Adversary Complaint and is not part of the instant

proceedings.  The issue cannot be raised for the first time on appeal.

**B.   The SCRA Operates to Protect the Rights and Property of Servicemembers.  However, No Such Stay Was in Effect at the Time of the Foreclosure Sale of August 31, 2009.**

WORRELL: "THE SCRA OPERATES TO PROTECT THE RIGHTS AND PROPERTY OF SERVICE-MEMBERS, THEREFORE THE FORECLOSURE SALE AND OTHER ADVERSE ACTIONS ARE VOID, AND WITHOUT LEGAL EFFECT"

While EMIGRANT acknowledges that the SCRA operates to protect the

rights and property of servicemembers, no such stay was in effect at the time of the

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

foreclosure sale on August 31, 2009.  Thus, the foreclosure sale was not void.  As noted by the bankruptcy court, on August 31, 2009 the Clerk of the Court held the foreclosure sale and issued the Certificate of Sale.  EMIGRANT was the successful bidder.  No objections to the sale were filed.  On September 1, 2009, the Bankruptcy Court entered its Order [ECF-B #34] granting the Motion to Vacate Dismissal and Motion for Stay. [ECF-B #33].  As indicated in Section III.B. above, the Bankruptcy Court correctly found that EMIGRANT did not violate any SCRA stay.

**C.     Federal Law Including 11 USC §362 Operates to Protect Property of the Bankruptcy Estate But No Such Stay Was in Effect at the Time of the Foreclosure Sale of August 31, 2009.**

WORRELL: "FEDERAL LAW INCLUDING 11 USC §362 OPERATES TO PROTECT PROPERTY OF THE BANKRUPTCY ESTATE AND RENDERS ALL SELF-HELP POST-PETITION SALES, VOID AB INITIO"

The gravamen of WORRELL'S adversary complaint was that EMIGRANT violated a stay pursuant to 50 USC App §522(b) and §522(d).  The Bankruptcy Court correctly held that no stay was in effect at the time of the subject foreclosure sale and thus dismissed the adversary complaint as there was no stay violation.  In fact, the transcript of the hearing from the Motion to Dismiss reflects that WORRELL'S counsel reluctantly agreed that the foreclosure sale was not void as no stay was in effect at the time of the sale. [ECF-A, #44]

EMIGRANT did not exercise self-help.  In actuality, the foreclosure sale was set by the State Court and the sale was conducted by the Clerk of the Court. WORRELL'S statement that EMIGRANT exercised self-help is without merit.

This court must affirm.

**D.**     **Worrell Misinterprets the Effect of the "Dismissal Statute" Revesting Property in the Bankruptcy Estate.  It Does Not Operate Retroactively to Undo a Valid Foreclosure Sale.**

WORRELL:  "THE DISMISSAL STATUTE OPERATES UPON DISMISSAL OF A CHAPTER 13 CASE, TO REVEST PROPERTY OF THE ESTATE"

First, this argument was not raised in the Bankruptcy Court and does not appear in the Adversary Complaint or Amended Adversary Complaint which have since been dismissed.  Second, WORRELL misinterprets the applicable section of the statute.  Pursuant to Section 349, the effect of a "dismissal of a case under this title" (as compared to an adversary complaint), the dismissal "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title" 11 USC §349(b)(3).  This does not mean that real estate sales are void and a foreclosure sale gets undone.

> The legislative history of section 349 explains: "The basic purpose of the subsection [349(b)] is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6294–95.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

Following this legislative background, bankruptcy courts have observed:

> The general idea behind §349 is that the dismissal of a bankruptcy case should re-establish the rights of the parties as they existed when the petition was filed.... Indeed, unless the court indicates otherwise, the general effect of an order of dismissal is to "restore the status quo ante;" it is as if the bankruptcy petition had never been filed.

> *In re Derrick,* 190 B.R. 346, 350 (Bankr. W.D. Wis. 1995) (citations omitted); *see, e.g., In re Serrato,* 214 B.R. 219, 227 (Bankr. N.D. Cal. 1997); *In re Lewis & Coulter, Inc.,* 159 B.R. 188, 190 (Bankr. W.D. Pa. 1993).

*In re Randall*, 358 B.R. 145, 168 (Bankr. E.D. Pa. 2006). WORRELL cites no cases in support of his contention that the above section could somehow void the foreclosure sale and divest a good faith purchaser of title. WORRELL cites no cases that indicate §349 applies to an adversary proceeding.

Finally, WORRELL'S bankruptcy case, Case #09-15332-EPK was dismissed on July 1, 2009. [ECF-B #29]. At that time WORRELL owned the real estate, subject to EMIGRANT'S mortgage. When the case was reinstated on September 1, 2009, the foreclosure sale had already transpired and thus, the property was not owned by WORRELL and was not property of the reinstated estate. When the bankruptcy case was again dismissed, there was no real estate to revest to WORRELL. WORRELL'S argument regarding §349 has no merit.

LAW OFFICES
BECKER & POLIAKOFF, P.A.
121 ALHAMBRA PLAZA, 10TH FLOOR • CORAL GABLES, FL  33134
TELEPHONE (305) 262-4433

## V.     <u>**CONCLUSION**</u>

For the aforementioned reasons, this Court should affirm the bankruptcy court

dismissal.

Respectfully submitted this **<u>8th</u> day of September, 2016**.

By: _____
        Steven M. Davis
        Florida Bar # 894249

## <u>CERTIFICATE OF FONT COMPLIANCE</u>

I HEREBY CERTIFY that this Brief has been printed in Times New Roman 14-point font.

By: _____
Steven M. Davis
Florida Bar # 894249


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing is being served on this **8th** day of **September**, **2016**, to Joseph L. Worrell, P.O. Box 30071, West Palm Beach, Fl. 33420-0071, via email at joworr@yahoo.com and joseph.worrell@navy.mil.

Becker & Poliakoff, P.A.
Attorneys for Appellees
Emigrant Mortgage Company and
Retained Realty, Inc.
121 Alhambra Plaza
10th Floor
Coral Gables, FL 33134
(305) 262-4433
(305) 442-2232 Fax

By: _____
Steven M. Davis
Florida Bar # 894249

ACTIVE: E09475/116345:8878947_4