UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---

No. 9:16-cv-80837-KAM

---

JOSEPH L. WORRELL,

Appellant,

v.

EMIGRANT MORTGAGE COMPANY, INC.; *et al.*

Appellees.

---

On Appeal from the United States Bankruptcy Court
for the Southern District of Florida

---

**BRIEF OF APPELLEES,
CHAD INGRAM, SAANA INGRAM, AND ILKKA JUHANI SYSIMETSA**

---

SETH P. TRAUB
STEVEN M. BERMAN
SHUMAKER, LOOP & KENDRICK, LLP
101 East Kennedy Blvd., Suite 2800
Tampa, Florida 33602
straub@slk-law.com
sberman@slk-law.com
(813) 229-7600 / (813) 229-1660 (Fax)
*Attorneys for the Appellees*

# TABLE OF CONTENTS

Table of Contents .................................................................................................................. i

Table of Authorities ............................................................................................................ iii

Preliminary Statement and Joinder .................................................................................... 1

Statement of Oral Argument .............................................................................................. 2

Statement of Basis for Jurisdiction .................................................................................... 2

Statement of Issues Presented ............................................................................................ 2

Standard of Appellate Review ........................................................................................... 3

Statement of the Case and Facts ........................................................................................ 4

Summary of the Argument ................................................................................................ 8

Argument ........................................................................................................................... 9

    I.  **The Bankruptcy Court did not abuse its discretion in dismissing the Adversary Proceeding** ........................................................................................... 9

    II.  **Any relief that would void title was beyond the permissible scope of the Bankruptcy Court's Order Reopening Case**. ........................................................ 9

Conclusion ....................................................................................................................... 11

Certificate of Service ...................................................................................................... 11

## TABLE OF AUTHORITIES

Rule 8012, Fed. R. Bankr. P. ...........................................................................................................2

28 U.S.C. § 158(a)(1) .....................................................................................................................2

*In re Citation Corp.,* 493 F.3d 1313, 1317 (11th Cir. 2007) ........................................................3

*In re Scrap Metal Buyers of Tampa, Inc.*, 253 B.R. 103, 107 (M.D. Fla. 2000) ..........................3

**PRELIMINARY STATEMENT AND JOINDER**

Appellees, Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa (the "BFP Owners"), own the real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property"). The BFP Owners purchased the Property from Retained Realty, Inc. ("Retained Realty"), who received clear title from Emigrant Mortgage Company, Inc. ("Emigrant"), who, in turn, obtained a foreclosure judgment against the Debtor and purchased the Property at a foreclosure sale in September 2009.

Appellant, Joseph L. Worrell, has appealed the Order Granting Defendant Emigrant Mortgage Company's and Retained Realty, Inc.'s Motion to Dismiss and Denying as Moot Chad Ingram, Saana Ingram, and Ilkka Juhana Sysimetsa's Motion to Dismiss (the "Dismissal Order"), entered by the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court").

**The BFP Owners hereby join in the Answer Brief filed by Emigrant and Retained Realty.**

References to pages in the Initial Brief of Appellant will be made in the following format: IB:(page number). References to pages in Emigrant's Answer Brief will be made in the following format: AB:(page number).

Matters of record in the Adversary Proceeding, No. 16-01046-EPK ("Adversary Proceeding"), in the Bankruptcy Court below will be referred to as "Bankr. Doc. #". Matters of record in the main bankruptcy case, No. 09-15332, in which the Adversary Proceeding was filed, will be referred to as "Bankr. Doc. #".

## STATEMENT OF ORAL ARGUMENT

The BFP Owners do not request oral argument.  Rule 8012, FED. R. BANKR. P.

## STATEMENT OF BASIS FOR JURISDICTION

This Court has jurisdiction to hear this appeal under 28 U.S.C. § 158(a)(1).  The BFP Owners otherwise disagree with the Appellant's stated bases for jurisdiction (IB:8).

## STATEMENT OF ISSUES PRESENTED

The BFP Owners disagree with the Appellant's overbroad statement of the issues presented in this appeal (IB:1-2).  As reflected by the Dismissal Order, the only issues before the Bankruptcy Court in the underlying adversary proceeding were (i) whether a foreclosure sale that occurred after an oral ruling reinstating Worrell's bankruptcy case (at a hearing held without notice to any related party), but before the Bankruptcy Court entered a written order reinstating the case, constituted a violation of the automatic stay under 11 U.S.C. §362; and (ii) whether Worrell could seek relief in the Adversary Proceeding to void the BFP Owners' title to the Real Property.

## STANDARD OF APPELLATE REVIEW

The BFP Owners agree with the standard of review outlined by Emigrant (AB:1). On review of a bankruptcy court's order, this Court reviews the bankruptcy court's rulings on questions of law *de novo* and reviews the bankruptcy court's findings of fact for clear error. *In re Citation Corp.,* 493 F.3d 1313, 1317 (11th Cir. 2007).

The party seeking to demonstrate the bankruptcy court's findings of fact were clearly erroneous "has a heavy burden to bear." *In re Scrap Metal Buyers of Tampa, Inc.*, 253 B.R. 103, 107 (M.D. Fla. 2000). The "clearly erroneous" standard means that the reviewing court must be left "with the definite and firm conviction that a mistake has been made." *Id. (quoting United States v. United States Gypsum Co.,* 333 U.S. 364, 375 (1948)). Put more bluntly, "[t]o be clearly erroneous, a decision must...strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Id*. (*quoting Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F. 2d 228, 233 (7th Cir.1988)).

## STATEMENT OF THE CASE AND FACTS

The BFP Owners join the Statement of the Case articulated by Emigrant along with the facts presented in Emigrant's Answer Brief, and add further procedural and factual background specifically relevant to the limited additional argument herein.

Worrell filed his Chapter 13 Petition on March 26, 2009 (Bankr. Doc. 1) (the "Bankruptcy Case"). In his Schedules, Worrell included his interest in the Property. Over the next several years, Worrell unsuccessfully attempted to stave off Emigrant's foreclosure of the Property (Adv. Doc. 66, pg. 1). During this time, Worrell was unable to comply with the requirements of Chapter 13 of the United States Bankruptcy Code. *Id.* The Court dismissed the bankruptcy case and denied Mr. Worrell's several motions attempting to revive it. (Bankr. Doc. 67, 70, 76, 82, 86).

None of the Bankruptcy Court's rulings were timely appealed and all such orders are final and no longer appealable. Worrell also continued to challenge the foreclosure of the Property in the Circuit Court in and for Palm Beach County, Florida, and in Florida courts of appeal. Among the many claims raised in the Florida litigation, Mr. Worrell argued that the foreclosure sale of the Property should be vacated. (Adv. Doc. 66, pg. 1, *citing* Ad. Doc. 21 at pg. 5-8 (providing factual background) and Adv. Doc. 16 (same))

By mid-2015, Worrell had exhausted his appeals in the Florida courts. Emigrant owned clear title to the Property (via the August 31, 2009 Foreclosure Sale described in Emigrant's Answer Brief), which Emigrant, in turn, transferred to Retained Realty. Retained Realty, Inc. then sold the Property to the BFP Owners (Adv. Doc. 66, pg. 1).

On November 18, 2016, Worrell filed a Motion to Reopen Chapter 13 Case and for Adversary Proceedings (Bankr. Doc. 88) ("Motion to Reopen"). The Bankrutpcy Court heard Worrell's Motion to Reopen on December 16, 2015.  At the hearing, the Bankruptcy Court reviewed the facts of the case and, in ruling, reasoned that it lacked authority to overrule the Florida courts' decisions denying Worrell's previous requests to vacate the foreclosure sale of the Property. The Bankruptcy Court specifically stated that "[i]f there's been a third party that's bought the property, the property is not coming back." (Bankr. Doc. 97, pg. 25).  Worrell argued, however, that Emigrant (his mortgage lender) had violated the automatic stay during a period when the stay was still in effect in his Chapter 13 case. As a result, the Bankruptcy Court agreed to reopen the case "solely to permit pursuit of violation of the automatic stay under Section 362, and that is it . . . The only relief you are permitted to ask for has to do with violation of the automatic stay." (Bankr. Doc. 97, pg. 27).  The Bankruptcy Court entered a written order consistent with its ruling, limiting Worrell to the filing of "an appropriate pleading seeking relief against creditor Emigrant Mortgage Company for alleged violation of the automatic stay" (Bankr. Doc. 94).

On January 17, 2016, Worrell filed, via counsel, the Adversary Complaint for Declaratory Relief, for Violation of the Automatic Stay and for Cancellation of Deeds and for Other Relief (Adv. Doc. 1) (the "Complaint"). In violation of the Bankruptcy Court's clear and unambiguous ruling, the Complaint names five defendants: Emigrant, Retained Realty, and the three BFP Owners. Also, in violation of the Bankruptcy Court's clear and unambiguous ruling, the Complaint asserts four counts: in Count I, Worrell

requested the Bankruptcy Court declare the foreclosure sale of the Property void as in violation of the automatic stay; in Count II, Worrell sought damages against Emigrant for violation of the automatic stay; in Count III, Worrell sought cancellation of Emigrant's deed of the Property to Retained Realty; and in Count IV, Worrell sought cancellation of Retained Realty's deed of the Property to the BFP Owners.

On February 18, 2016, the BFP Owners filed a Motion to Dismiss with Prejudice (Adv. Doc. 11) ("Motion to Dismiss"), in which the BFP Owners argued that Worrell could not state a claim for relief because the automatic stay was not in effect at the time of the foreclosure sale and so Emigrant could not have violated the stay; the Complaint violated the Bankruptcy Court's order reopening the bankruptcy case by seeking to void the chain of title to the Property; and the Bankruptcy Court lacked authority to grant the requested relief, as a result of the Rooker-Feldman doctrine and the doctrines of *res judicata* and collateral estoppel. The next day, on February 19, 2016 the BFP Owners served a Motion for Sanctions Pursuant to Rule 9011, which, after expiration of the safe-harbor period, was filed on March 23, 2016 (Bankr. Doc. 21) (the "Motion for Sanctions").[1] Emigrant also filed a Motion to Dismiss the Complaint (Bankr. Doc. 16).

On March 28, 2016, three days prior to a hearing on the Motions to Dismiss and the Motion for Sanctions, Worrell filed an Amended Adversary Complaint for

---

[1] On May 10, 2016, the Bankruptcy Court entered its Order Granting Motion for Sanctions ("Sanctions Order"). In the Sanctions Order, the Bankruptcy Court found that the complaint in the underlying adversary proceeding violated Bankruptcy Rule 9011(b)(2) because there was no basis for relief on the claims presented. However, because the Bankruptcy Court found that a represented party may not be held liable for violation of Bankruptcy Rule 9011(b)(2), the sanctions would be payable only by Worrell's counsel. The Sanctions Order did not grant any sanction against Worrell individually. Thus, while Worrell appealed the Sanctions Order, this Court dismissed the appeal because Worrell is not a person aggrieved. Worrell's Motion to Reconsider the dismissal, and the BFP Owners' response, remains pending before this Court.

6

Declaratory Relief and for Violation of the Automatic Stay (Bankr. Doc. 27) (the "Amended Complaint"). In the Amended Complaint, Worrell removed the BFP Owners as defendants, and removed Counts III and IV from the pleading. Worrell did not, however, alter Counts I or II of the Complaint. As a result, in the Amended Complaint, Worrell still sought relief that would have adversely affected title to the Property vested in the BFP Owners. Removing just the BFP Owners from the litigation would still leave their property interest in jeopardy because granting the remaining relief could make their deed retroactively void, and divest them of their property rights without them being parties to the Amended Complaint.

On April 13, 2016, the Bankruptcy Court entered the Dismissal Order, finding, among other things, that (i) "there was neither any automatic stay nor was there any Servicemembers' Civil Relief Act stay in effect by this Court or any other court" on the date of the Foreclosure Sale, and (ii) "the relief requested by the Plaintiff would have adversely affected title held by the current owners of the Real Property," which relief "was not only not authorized by the Court's December 16, 2015 order, but this Court specifically admonished the Plaintiff at the December 16, 2015 hearing against seeking relief as to title transferred to *bona fide* purchasers of the Real Property." (Adv. Doc. 47, pg. 4)

## SUMMARY OF THE ARGUMENT

At its core, the underlying Adversary Proceeding questioned whether Emigrant violated any stay (whether under the Bankruptcy Code or the Servicemembers Civil Relief Act) by proceeding with a foreclosure sale on August 31, 2009. The state court had already determined that Emigrant had not. And, in the Dismissal Order, the Bankruptcy Court similarly ruled that no stay was in effect at the time of the Foreclosure Sale.  The BFP Owners adopt the arguments in Emigrant's Answer Brief.  The Bankruptcy Court did not abuse its discretion in dismissing the Adversary Proceeding.

To the extent this Court may find some error in the Bankruptcy Court's decision related to a stay violation, however, the BFP Owners further assert that the Bankruptcy Court did not abuse its discretion in dismissing all relief sought by Worrell that would have affected the BFP Owners' interests in the Property. In reopening Worrell's Bankruptcy Case to allow him to file an adversary proceeding, the Bankruptcy Court limited him to seeking damages against Emigrant for alleged violation of the automatic stay under 11 U.S.C. §362.  The relief requested in the Adversary Proceeding, whether against the BFP Owners directly, or indirectly against their interest in the Property via claims to void links in the chain of title, was well beyond the scope of the Bankruptcy Court's initial ruling reopening Worrell's case, and in derogation of the Bankruptcy Court's limited leave.

# ARGUMENT

I. **The Bankruptcy Court did not abuse its discretion in dismissing the Adversary Proceeding.**

The BFP Owners adopt the arguments in Emigrant's Answer Brief. The Bankruptcy Court did not abuse its discretion in dismissing the Adversary Proceeding. The Bankruptcy Court properly granted Emigrant's Motion to Dismiss because there was no violation of any stay at the time of the Foreclosure Sale on August 31, 2009, and because the Bankruptcy Court lacked authority to review decisions of the Circuit Court for Palm Beach County pursuant to the Rooker-Feldman Doctrine, res judicata, and collateral estoppel. Worrell has not shown the Bankruptcy Court abused its discretion in dismissing the Adversary Proceeding. Accordingly, this Court should affirm the Bankruptcy Court's Dismissal Order.

II. **Any relief that would void title was beyond the permissible scope of the Bankruptcy Court's Order Reopening Case.**

To the extent this Court may find some error in the Bankruptcy Court's decision related to a stay violation, the BFP Owners further assert that the Bankruptcy Court did not abuse its discretion in dismissing all relief sought by Worrell that would have affected the BFP Owners' interests in the Property.

In reopening the Bankruptcy Case to allow Worrell to file an adversary proceeding, the Bankruptcy Court limited him to seeking damages against Emigrant for alleged violation of the automatic stay under 11 U.S.C. §362. The relief requested in the Adversary Proceeding, whether against the BFP Owners directly (in Count IV), or indirectly against their interest in the Property via claims to void links in the chain of title

(in Counts I, II and III), was beyond the scope of the Bankruptcy Court's Order Reopening Case.

At the hearing on Worrell's Motion to Reopen, the Bankruptcy Court correctly observed that it could not overrule the Florida state courts' decisions denying Worrell's previous requests to vacate the Foreclosure Sale.[2] Consistent with this finding, the Bankruptcy Court reopened the Bankruptcy Case, but only for the limited purpose of allowing Worrell to file an adversary proceeding to determine whether Emigrant violated the automatic stay under 11 U.S.C. §362. The Bankruptcy Court was clear that it would not entertain any claim to set aside the Foreclosure Sale or subsequent transfers.

Despite the Bankruptcy Court's clear ruling, Worrell's Complaint sought to void the deeds from Emigrant to Retained Realty, and from Retained Realty to the BFP Owners. In the Amended Complaint, while Worrell removed the BFP Owners as defendants, and removed Counts III and IV from the pleading, he did not alter Counts I or II of the Complaint. As a result, in the Amended Complaint, Worrell still sought relief that would have retroactively voided the BFP Owners' interests in the Property.

Worrell did not appeal the Order Reopening Case, and his Initial Brief does not address any legal or factual basis to review the Bankruptcy Court's ruling therein. Worrell has not shown the Bankruptcy Court abused its discretion in dismissing the Adversary Proceeding. Accordingly, this Court should affirm the Bankruptcy Court's Dismissal Order.

---

[2] As further argued by the BFP Owners and Emigrant in their Motions to Dismiss, and as argued in Emigrant's Answer Brief, the Bankruptcy Court was precluded from reviewing the state court's decisions by the Rooker-Feldman doctrine and the doctrines of *res judicata* and collateral estoppel.

## CONCLUSION

For the reasons set forth herein, as well as those stated in Emigrant's Answer Brief, joined by the BFP Owners, the Dismissal Order should be affirmed. The BFP Owners reserve the right to seek entry of an award of damages and costs pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedures.

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2016, a true and correct copy of the foregoing will be served via U.S. mail and/or CM/ECF notice upon the following:

**Joseph Llewellyn Worrell**  
PO Box 30071  
West Palm Beach, FL 33420

**Steven M. Davis**  
**Lisa Marie Castellano**  
Becker & Poliakoff  
1511 N. West Shore Blvd., Suite 1000  
Tampa, FL 33607

/s/ Seth P. Traub