UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED BY _____ D.C.

SEP 12 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

JOSEPH LLEWELLLYN WORRELL,
Appellant,

vs.                                        Case No. 9:16-cv-80837-KAM

EMIGRANT MORTGAGE COMPANY, INC.;
RETAINED REALTY, INC.; ET. AL.
Appellees.
_____/

## APPELLANT'S ANSWER TO RESPONSE FILED Re: MOTION FOR REHEARING AND MOTION TO RECONSIDER ORDER OF AUGUST 22, 2016 (DOC. # 18)

Appellant Joseph Worrell, files his answer in response to alleged "good faith purchasers" response (Doc. # 20) opposing the motion for rehearing and reconsideration (Doc. # 19), and states:

1.   Appellant moves the response (Doc. #20) be filed STRICKEN, because the filer(s) lack standing before this court and has [mis]represented claims that they are "the owners" or have such interest in the real property involved in this dispute; see composite exhibit A attached hereto.

2.   Additionally, Appellant moves for sanctions against counsel for the pretender "bona fide owners", for presenting false claims to this court, and on July 5, 2016 in the motion to dismiss, knew or should have known the alleged ownership claims are false, since such interests were surrendered, prior to the filings made in this court, and in clear violation of Fed. R. Civ. P. 11.

3.   The instant appeal concerns the home of a servicemeber and military veteran, and centers around the operation of federal statutes enacted to preserve basic civil rights of servicemembers while performing military service, including their right to appear in court and defend themselves, even while serving the United Sates Military.

4.   To protect these basic rights of this important minor class[1] of persons, the United State Congress has enacted a set of laws, including the Servicemember

---

[1] Unlike WWI, II, and other times of war, during the last decade and a half, under 2% of persons in the United States perform military service, or are subject to the SCRA and related laws.

1

Civil Relief Act[2] (SCRA, 2003) codified at 50 U.S.C. App. §§501 et seq., as amended by the Housing Economic Reform Act (HERA, 2008), and the Helping Heroes Keep Their Homes Act, 2010.

5. These laws, especially the SCRA, expressly define *who* is covered under the federal Act, *how* and *when* related protections starts or terminates, and the *minimum* standards of protection someone performing military service may expect while serving the United States.

6. The rights described essentially represent a minimum level of civil protections available to those performing military service, as it is *customary* for those *not* serving the common defense to offer consideration well beyond the legal minimum standard, in a spirit of gratitude to the important job performed by the United States Armed Forces.

7. For instance, § 527 of the Act prescribes a 6% maximum interest rate on pre-service debts, yet many creditors adjust their interests to as low as 0%, upon notice that a customer is executing military orders. This attitude also ensure a creditor is operating well within the statutory standards, and not needlessly violating the rights of military members when all eligible costs are counted[3]. The United States Supreme Court supports this view, holding that the law should be viewed in a light most friendly to those who are obliged to drop their own affairs to answer the country's call. At the outset, the federal statute provides the following important clarification and definitions –

\* \* \*

§ 511. Definitions [Sec. 101]
\* \* \*
(1) Servicemember
The term "servicemember" means a member of the uniformed services, as that term is defined in section 101(a)(5) of title 10, USC.
\* \* \*
(9) Judgment. The term 'judgment' means any judgment, decree, order, or ruling, final or temporary.
\* \* \*
§ 516. Extension of rights and protections to reserves ordered to report for military service and to persons ordered to report for induction [Sec. 106]
(a) Reserves ordered to report for military service. A member of a reserve component who is ordered to report for military service is entitled to the rights and protections of this title and titles II and III <u>during the period beginning on the date of the member's receipt of the order</u> and ending on the date on which the member reports for military service (or, if the order is revoked before the member so reports, or the date on which the order is revoked). *[Emphasis added]*.

---

[2] The Servicemembers Civil Relief Act was enacted as P.L. 108-189, effective December 19, 2003. It has been amended by P.L. 108-454 (adding 50 U.S.C. §511 (9) and amending §517), P.L. 109-163 (adding §515a), P.L. 110-181 (amending 50 U.S.C. App. §§521 and 522), P.L. 110-289 (amending 50 U.S.C. §§527 and 533), P.L. 109-233 (amending 50 U.S.C. App. §594); P.L. 110-389 (amending §§527 and 535 and adding §535a), P.L. 111-97 (amending 50 U.S.C. App. §§568, 571), P.L. 111275 (amending §§535 and 535a, and adding §§597, 597a and 597b), effective October 13, 2010, and S.4508, which amended P.L. 111-289 by extending the "sunset" provision of 50 U.S.C. App. §533(b).

[3] The US Department of Justice has prosecuted several national banks for overcharging servicemembers interest and for other violation of the SCRA.

2

\* \* \*

**§ 517. Waiver of rights pursuant to written agreement [Sec. 107]**
(a) In general. A servicemember may waive any of the rights and protections provided by this Act. . . . The written agreement shall specify the legal instrument to which the waiver applies and, if the servicemember is not a party to that instrument, the servicemember concerned.
\* \* \*
(d) Coverage of periods after orders received. For the purposes of this section—
(1) a person to whom section 106 [50 U.S.C. App. §516] applies shall be considered to be a servicemember; and
(2) the period with respect to such a person specified in subsection (a) or (b), as the case may be, of section 106 [50 U.S.C. App. §516] shall be considered to be a period of military service.
\* \* \*

**§ 521. Protection of servicemembers against default judgments[4] [Sec. 201]**
(a) Applicability of section. This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.[5]
(b) Affidavit requirement
(1) Plaintiff to file affidavit. In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit—
(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.
\* \* \*
. . . actions by the attorney in the case shall not waive any defense of the servicemember or otherwise bind the servicemember.
\* \* \*
(c) Penalty for making or using false affidavit. A person who makes or uses an affidavit permitted under subsection (b) (or a statement, declaration, verification, or certificate as authorized under subsection (b)(4)) knowing it to be false, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.[6]
\* \* \*
(d) Stay of proceedings. In an action covered by this section in which the defendant is in military service, the court shall grant a stay of proceedings for a minimum period of 90 days under this subsection upon application of counsel, or on the court's own motion, if the court determines that-
(1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant; or
(2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.
\* \* \*

**§ 533. Mortgages and trust deeds [Sec. 303]**
. . .
(c) Sale or foreclosure. A sale, foreclosure, or seizure of property for a breach of an obligation described in subsection (a) shall not be valid if made during, or within 9 months after, the period of the servicemember's military service except—
(1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court; or
(2) if made pursuant to an agreement as provided in section 107 [50 U.S.C. App. §517].
(d) Misdemeanor. A person who knowingly makes or causes to be made a sale, foreclosure, or seizure of property that is prohibited by subsection (c), or who knowingly attempts to do so, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.
\* \* \*

---

[4] "Default judgment" means any judgment, order, decree, or ruling against the servicemember.
[5] The phrase "including any child custody proceeding" was added by P.L. 110-181, effective January 28, 2008.
[6] The penalty provision of subsection (e) was added by P.L. 110-389, effective October 10, 2008.

3

8. In the United States persons performing military service are not normally required to inform others of that fact, since the federal statute is intended for servicemembers to focus "...their entire energy to the defense needs of the United States...". Instead the burden, by law, rests with others to show, by evidence and sworn affidavit under penalty of perjury, that the SCRA does not apply to the case.

9. Servicemembers are normally provided a protected period of 3 to 12 months following a period of military service, by law, to enforce any rights which might have been denied while serving the country. Notably, pursuant to the SCRA courts have no discretion to deny such requests, which is a constitutional, ministerial, and statutory right persons defending the Country, who also bear a duty under § 515, to challenge violation(s).

10. To clarify different circuit judicial interpretations as to whether the SCRA provides a "*Shield or Sword*", the following sections were added by P.L. 111-275, effective October 13, 2010. As a matter of standardization, the "preservation of remedies" provisions that had previously been found in the various sections in Title III of the SCRA were deleted and the provisions of Section 803 are applicable to the entire Act.

\* \* \*

**§597. Enforcement by the Attorney General [Section 801]**
(a) Civil action. The Attorney General may commence a civil action in any appropriate district court of the United States against any person who –
(1) engages in a pattern or practice of violating this Act [50 U.S.C. App. §§501 et seq.]; of
(2) engages in a violation of this Act that raises an issue of significant public importance.

(b) Relief. In a civil action commenced under subsection (a), the court may –
(1) grant any appropriate equitable or declaratory relief with respect to the violation of this Act;
(2) award all other appropriate relief, including monetary damages, to any person aggrieved by the violation; and
(3) may, to vindicate the public interest, assess a civil penalty –
(A) in an amount not exceeding $55,000 for a first violation; and
(B) in an amount not exceeding $110,000 for any subsequent violation.

(c) Intervention. Upon timely application, a person aggrieved by a violation of this Act with respect to which the civil action is commenced may intervene in such action, and may obtain such appropriate relief as the person could obtain in a civil action under section 802 [50 U.S.C. App. §597a] with respect to that violation, along with costs and a reasonable attorney fee.

**Sec. 597a. Private right of action [Section 802]**
(a) In general. Any person aggrieved by a violation of this Act [50 U.S.C. App. §§501 et seq.] may in a civil action –
(1) obtain any appropriate equitable or declaratory relief with respect to the violation; and
(2) recover all other appropriate relief, including monetary damages.

(b) Costs and attorneys fees. The court may award to a person aggrieved by a violation of this Act who prevails in an action brought under subsection (a) the costs of the action, including a reasonable attorney fee.

Sec. 597b. Preservation of remedies17 [Section 803]

4

> Nothing in Section 801 or 802 [50 U.S.C. App. §§597 or 597a] shall be construed to preclude or limit any remedy otherwise available under other law, including consequential and punitive damages.

\*\*\*

11. It is worth underlining that the central question in this case and on appeal is whether statutes, both federal and state, intended to protect basic civil guarantees of servicemembers, simply disappear or cease to operate where others – even judicial officials, without proper findings as to why the law does not apply – intentionally elect to ignore and disregard the clear statutory requirements. Appellant argues not.

12. Regarding, the instant appeal of the pretrial order granting sanctions to alleged "good faith" purchasers of a military veteran's home sold or seized during a federally protected period of military service, without adequate discovery or trial, and predicated on their untimely filed motion on February 19, 2016 in violation of a protected period of military service. Federal law, SCRA § 526, prohibits including a period of military service in any period of time limited by law.

13. Regardless of merit, the important question is whether the mandatory protections of sections 516, 524, and 526 of the Act simply cease to exist because the parties (or the court), choses to ignore statutory requirements.

14. Specifically, service of the motion for sanctions during an undisputed protected period of military service, and outright refusal to toll appellant's military service after being informed of same, directly violates the law and Appellant's federally protected rights.

15. The law, including SCRA sections 597a provides an expressed private right of action to remedy violations of SCRA, and certain violations are considered a crime under federal law. The appealed order, therefore appears to provide perverse incentives for possible criminal actions violating protected rights, and federal law expressly intended to . . . "provide for, strengthen, and expedite the national defense."

16. Beside the fact that naming a possible necessary party notice of a pending adversary complaint related to property that party claims an interest, is not a sanctionable act.

17. Indeed, not noticing or excluding such a party would ordinarily be the objectionable offense, not the act of including someone claiming an interest.

18. Moreover, whether that party has behaved like a truly bona fide purchase is in serious doubt and yet to be determined. Especially because they elected to enter a dispute, knowing the matter remains in litigation, unresolved, and on appeal to the United States Supreme Court.

19. Beyond these important facts, discovery and trial will show a less than arms-length transaction, and grossly inadequate "selling price" based on willfully

inaccurate valuations[7] and closed private fraudulent transaction "witnessed" prior to the date it illegibly occurred.

19. Based on a prima facie standard and review, and based on receiving an obviously defective title, Appellee Retain Realty Inc. also never legally held proper title to the Appellant servicemember's home.

20. Additionally, federal law expressly declares such dubious seizures or transfers of a servicemember property void, and unlawful. See also SCRA § 533(c) &(d), and § 597.

21. Therefore, whether the alleged "purchaser can stand in the shoes of a legally bona fide purchaser, has not been determined – but is highly unlikely given the naked facts and circumstances of this case.

22. Directly due to forth filling military duties and obligations, Appellant was unable to receive timely notice or respond to this court's order, and the underlying untimely filed sanction motion. See composite exhibit B.

23. The SCRA section 524 mandates that protected periods of military service may not be included in any time period limited by law; including the safe harbor period of Bankr. R. 9011, which provisions furthermore clearly are not violated by the [preauthorized] complaint filed pursuant to the bankruptcy rules.

24. Opposition filed to Appellant's request for rehearing based on the mandatory protections afforded in federal statute, further demonstrate a continuing pattern and deliberate disregard for important protections - since these same parties also needlessly violated Appellant's SCRA section 524 rights by improperly presenting their frivolous filing.

25, It is undisputed that federal law in SCRA, as well as from the facts and circumstances of this case, that the appealed sanctions order too was entered without regard to protected periods of military service and in violation of federal law, a key and central point of this entire dispute.

## CONCLUSION

Wherefore, the undersigned respectfully request the rulings be set aside, in accordance with the statutory provisions enacted to preserve periods of federal military service, and other protected rights tied to the defense of the United States.

---

[7] The evidence shows the servicemember's 5500 SF home on over 5 acres was allegedly sold on September 10, 2015 allegedly witnessed 2 days prior on September 8, 2015, and based on a 2008 broker price opinion (BPO), for less than the market value of the vacant land with a zero SF home. Therefore, the "selling price" in the purported arms-length transaction is also grossly inadequate.

Respectfully submitted,

Joseph Worrell, Pro Se.
P.O. Box 30071
West Palm Beach, FL 33420

Service list:

1.
EMIGRANT MORTGAGE COMPANY, INC.,
Becker & Poliakoff, P.A.
c/o Aleida Martinez Molina, Esq.
121 Alhambra Plaza, 10th Floor,
Coral Gables, FL 33134


2.
RETAINED REALTY, INC.,
c/o Richard C. Wald, CEO
5 East 42nd St.
New York, New York 10017

3.
Chad Ingram, Saana Ingram, Ilkka Juhani Sysimetsa
c/o Seth P Traub, Esq.
101 E Kennedy Blvd
Tampa, Florida 33672

# Exhibit - A

CFN 20160176043
OR BK 28307 PG 599
RECORDED 05/18/2016 14:00:44
Palm Beach County, Florida
AMT 10.00
DEED DOC 0.70
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 0599-0600; (2Pgs)

After Recording, Mail To:
Mr. Ilkka Sysimetsa, Trustee
13993 Caloosa Blvd
Palm Beach Gardens, FL 33418

This document prepared by:
HENRI SPEHAR
Attorney at Law
The Spehar Firm P.L.
777 South Flagler Dr
Ste 800 West
West Palm Beach, Florida 33401
561-806-4012

# WARRANTY DEED

THIS WARRANTY DEED, made the __11__ day of April, 2016, by ILKKA JUHANI SYSIMETSA, a single man, the GRANTOR,

Whose mailing address is 13993 Caloosa Blvd, Palm Beach Gardens, FL 33418;

TO

ILKKA JUHANI SYSIMETSA, as Trustee of THE ILKKA JUHANI SYSIMETSA REALTY TRUST, U/A dated April __11__, 2016, the GRANTEE,

Whose mailing address is 13993 Caloosa Blvd, Palm Beach Gardens, FL 33418;

The Grantor, for and in consideration of the sum of ONE AND NO/100 DOLLARS ($1.00) and other good and valuable considerations to Grantor paid by Grantee, the receipt of which is hereby acknowledged, hereby grants, bargains, sells, unto the Grantee all of that property situate in Palm Beach County, State of **Florida**, viz:

> Lot 62, SECTION THREE CALOOSA 1ST ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

Assessor's Parcel Number: 00-41-41-20-01-003-0620

MORE commonly known as:    13993 Caloosa Blvd, Palm Beach Gardens, FL.

Subject to any Restrictions, Conditions, Covenants, Rights, Rights of Way, and easements now of record, if any.

Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

To have and to hold, the same in fee simple forever.

And the Grantor hereby covenants with said Grantee that the Grantor is lawfully seized of said land in fee simple; that the Grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accrued if any.

The land described herein (You must make a selection):

__X__ is homestead property of the said Grantor

_____ is *NOT* homestead property of the said Grantor

Full power and authority are conferred upon the then-acting Trustee, to protect, conserve, sell, lease and encumber all interests conveyed by this instrument, and otherwise to manage and dispose of those interests, it being the intent of the Grantor to vest in the Trustee full rights of ownership as authorized and contemplated by §689.071, Florida Statutes.

The terms of this Trust provide for the present possessory right of possession of any Homestead property in accordance with the Department of Revenue Rule 12D-7.011 and is recorded in compliance with §196.031(1), Florida Statutes, which would entitle said real property to Homestead Exemption status if all of the requirements are met.

In Witness whereof, the said Grantor has signed and sealed these presents the day and year first above written.

**ILKKA JUHANI SYSIMETSA**

Signed, sealed and delivered in the presence of:

Printed Name: _Dale Fea_

Printed Name: _Jacquelin Eccleston_

STATE OF FLORIDA )
)
COUNTY OF PALM BEACH )

The foregoing instrument was acknowledged before me this April 11, 2016 by ILKKA SYSIMETSA, who is personally known to me or who has produced passport as identification.

(Seal)   Signature of person taking acknowledgment _Theresa Schleter_
Name typed, printed or stamped _Theresa M. Schleter_
My Commission Expires  _2/14/2019_
Title or rank
Serial number, if any   Commission # FF194038



THERESA M. SCHLETER
Commission # FF 194038
Expires February 14, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

CFN 20160156385
OR BK 28275 PG 674
RECORDED 05/04/2016 14:57:18
Palm Beach County, Florida
AMT 10.00
DEED DOC 0.70
Sharon R. Bock
CLERK & COMPTROLLER
Pgs 0674-0675; (2Pgs)

Prepared by and return to:
Henri Spehar
777 South Flagler Dr
Ste 800 West Tower
West Palm Beach, FL 33401

# WARRANTY DEED
(Statutory Form Deed, F.S. 689.02)

1. **IDENTIFICATION OF GRANTOR**

   Grantor's names and addresses are:
   Chad Ingram and Saana Ingram, husband and wife, and Ilkka Sysimetsa, a single man.
   Post office address of all Grantors is:
   13993 Caloosa Blvd
   Palm Beach Gardens, FL 33418

   The word "I" or "me" as hereafter used means the Grantor.

2. **IDENTIFICATION OF GRANTEE**

   Grantee's name and address is: Ilkka Sysimetsa, a single man. Grantee's address is 13993 Caloosa Blvd, Palm Beach Gardens, FL 33418.

   The word "you" as hereafter used means the Grantee.

3. **MEANINGS OF TERMS**

   The terms "I," "me," or "you" shall be non-gender specific (i) masculine, (ii) feminine, or (iii) neuter, such as corporations, partnerships or trusts), singular or plural, as the context permits or requires, and include heirs, personal representatives, successors or assigns where applicable and permitted.

4. **DESCRIPTION OF REAL PROPERTY CONVEYED**

   Lot 62, SECTION THREE CALOOSA 1ST ADDITION, according to the map or plat thereof, as recorded in Plat Book 34, Page(s) 56 through 62, inclusive, of the Public Records of Palm Beach County, Florida.

   Assessor's Parcel Number: 00-41-41-20-01-003-0620

5. **CONSIDERATION**

   Good and valuable consideration plus the sum of Ten Dollars ($10.00) received by me from you.

6. **CONVEYANCE OF REAL PROPERTY**
   For the consideration described in Paragraph 5, I have granted, bargained and sold to you the Real Property to have and to hold in fee simple (estate in property unlimited as to duration, disposition and descendability) forever.

7. **WARRANTY**
   I fully warrant the title to the Real Property and will defend the same against the lawful claims of all persons whomsoever except for covenants, reservations, restrictions and easements of record and taxes subsequent to December 31, 2015.

8. **NOT HOMESTEAD**
   I represent and warrant that the Real Property is neither the homestead nor residence of myself or a member of my family, nor is the Real Property adjacent to the homestead or residence of myself or a member of my family.

Executed on April 11, 2016.

FIRST WITNESS as to all
Signature: /s/
Print Name: Jacqueline Eccleston

SECOND WITNESS as to all
Signature: /s/
Print Name: Dale Fea

State of FLORIDA
County of Palm Beach

GRANTORS:
/s/ CHAD INGRAM
/s/ SAANA INGRAM
/s/ ILKKA SYSIMETSA

The foregoing instrument was acknowledged before me this April 11, 2016 by CHAD INGRAM, SAANA INGRAM AND ILKKA SYSIMETSA, who are personally known to me or who have produced passports as identification.

(Seal)   Signature of person taking acknowledgment /s/ Theresa M. Schleter
         Name typed, printed or stamped  Theresa M. Schleter
         My Commission Expires  2/14/2019
         Title or rank
         Serial number, if any  Commission # FF194038



THERESA M. SCHLETER
Commission # FF 194038
Expires February 14, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

# Exhibit - B

```
                                                  1572
                                                  NROWS/3950806/1
                                                  SDN: N8510516RT10985
                                                  01 FEB 2016

FROM: COMMANDING OFFICER NOSC MIAMI, FL
TO:   CE2 JOSEPH L WORRELL, USN, ████████████████

SUBJ: ███████████ TO ANNUAL TRAINING; CASE OF CE2 JOSEPH L WORRELL, USN,
      ████████████

1.  REPORT FOR ANNUAL TRAINING TO THE COMMANDING OFFICER, NMCB FOURTEEN
JACKSONVILLE, 5301 BAINBRIDGE ST, GULFPORT, MS 39501 NO LATER THAN 0700 ON 14
FEB 2016 FOR DUTY WITH NMCB 14, UIC: 08913.
 PERIOD OF DUTY: 13 FEB 2016 TO 27 FEB 2016 FOR 15 DAYS. YOU ARE A MEMBER OF
RESERVE UIC: 85105. IF FOR ANY REASON YOU ARE UNABLE TO EXECUTE THESE ORDERS,
RETURN THEM TO YOUR ADMINISTRATIVE PARENT COMMAND NOTING THE REASON FOR
RETURN. WHILE PERFORMING DUTY UNDER THESE ORDERS, YOU ARE SUBJECT TO THE
UNIFORM CODE OF MILITARY JUSTICE (UCMJ). FOR ALL IDTT ORDERS IN FOREIGN
COUNTRIES, INACTIVE DUTY TRAINING PERIODS SHALL RUN CONTINUOUSLY FROM TIME OF
ARRIVAL IN COUNTRY UNTIL TIME OF DEPARTURE. AS THEY ARE ON ORDERS IN A DUTY
STATUS, MEMBERS WILL BE SUBJECT TO APPLICABLE STATUS OF FORCES AGREEMENTS
(SOFA) AS WELL AS SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ).

2.  THIS ORDER HAS BEEN MODIFIED  AS FOLLOWS:  Travel and report dates
modified from AP to MB schedule, as directed by det leadership.

3.  APPROPRIATION FOR THE PERIOD OF 13 FEB 2016  27 FEB 2016 (15 DAYS) IS:
PAY and ALLOWANCE:
AA  1761405.7210 117  00072   0 068566   2D  T10985    85105671600A 0000158310
SDN:    N8510516RT10985     ORDER NUMBER: 610985     APC: V71600
BAH:
A2  1761405.7210 116  00072   0 068566   2D  T10985    85105672174A 0000045975
SDN:    N8510516RT10985     ORDER NUMBER: 610985     APC: V71600
BAS:
A3  1761405.7210 117  00072   0 068566   2D  T10985    85105672175A 0000001228
SDN:    N8510516RT10985     ORDER NUMBER: 610985     APC: V71600
PER DIEM, TRAVEL, AND MISC:
Reimbursement for Per Diem, Travel and Misc. cost will be paid through DTS
FICA:
AD  1761405.7210 122  00072   0 068566   2D  T10985    85105671601A 0000012111
SDN:    N8510516RT10985     ORDER NUMBER: 610985     APC: V71600
FSC FOR THIS PERIOD OF DUTY IS: 201600072ESSE
Funding Source: NOSC MIAMI, FL

4.  ████████████████████████████████████
    ██████████████████████████(█ █ ███ 2016).
    ██ QUARTERS ARE AVAILABLE AT ████████████████████████████████
    ████████████████████████████████████████████████████████████
    ████████████████████████████████████████████████ OR
    ████████████████████████████████████████ DAILY LODGING
    ██
    ██
    GULF████████████████████████████████████ NOT AVAILABLE,
    █████████████████████████████████████████████
    █████████████████████████████████████ WHICH
    ██████████████████████████████ IS $51.00 FOR NCBC
    ████████████████████████████████████████

                        FOR OFFICIAL USE ONLY
```



```
                                              1572
                                              NROWS/3950806/0
                                              SDN: N8510516RT10985
                                              07 JAN 2016
```

SUBJ: ORDERED TO ▓▓▓▓▓▓▓▓▓; CASE OF CE2 JOSEPH L WORRELL, USN,
      975/C̶E̶2̶

ENDORSEMENT STAMP (PRINT)

GAINING COMMAND  NMCB14            DATE/TIME REPORTED: 14Feb16/0700
Printed Name: ___ L. MONROE        Signature: _____
MESSING: (AVAILABLE) / NOT AVAILABLE   BERTHING: AVAILABLE / (NOT AVAILABLE)
NON-AVAILABILITY NUMBER _____    DATE/TIME DEPARTED: 17Feb16/1600
Printed Name: YN1 V. Paine         Signature: _____


For Paying Office Use Only

I certify that on this _____, I processed this set of orders
for payment.             (Date)


_____              _____
Print Name                           Signature

FOR OFFICIAL USE ONLY
5

**ORIGINAL**

```
                                            1572
                                            NROWS/4075072/0
                                            SDN: N8510516SP14677
                                            23 JUN 2016
```

FROM: COMMANDING OFFICER NOSC MIAMI, FL
TO:   CE2 JOSEPH L WORRELL, USN, ▇▇▇▇▇▇▇▇
      ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
      ▇▇▇▇▇▇

SUBJ: ORDERED TO ADT-SPEC; CONSECUTIVE DUTY; CASE OF CE2 JOSEPH L WORRELL, USN,
      ▇▇▇▇▇▇▇/CE2

1. REPORT FOR ACTIVE DUTY FOR TRAINING ADT SPECIAL TO THE COMMANDING OFFICER, NMCB FOURTEEN, 146 PLAINS ROAD, RAYMOND, ME 04071 NO LATER THAN 0500 ON 25 JUL 2016 FOR DUTY WITH NMCB 14 IRT RAYMOND, UIC: 08913.
 PERIOD OF DUTY: 24 JUL 2016 TO 06 AUG 2016 FOR 14 DAYS. YOU ARE A MEMBER OF RESERVE UIC: 85105. IF FOR ANY REASON YOU ARE UNABLE TO EXECUTE THESE ORDERS, RETURN THEM TO YOUR ADMINISTRATIVE PARENT COMMAND NOTING THE REASON FOR RETURN. WHILE PERFORMING DUTY UNDER THESE ORDERS, YOU ARE SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ). FOR ALL IDTT ORDERS IN FOREIGN COUNTRIES, INACTIVE DUTY TRAINING PERIODS SHALL RUN CONTINUOUSLY FROM TIME OF ARRIVAL IN COUNTRY UNTIL TIME OF DEPARTURE. AS THEY ARE ON ORDERS IN A DUTY STATUS, MEMBERS WILL BE SUBJECT TO APPLICABLE STATUS OF FORCES AGREEMENTS (SOFA) AS WELL AS SUBJECT TO THE UNIFORM CODE OF MILITARY JUSTICE (UCMJ).

2. THIS BACK-TO-BACK ORDER AUTHORIZES YOU TO PERFORM DUTY IN CONJUNCTION WITH THE FOLLOWING ORDER(S):
TRACKING NUMBER 4075439 FOR THE PERIOD OF DUTY 20 JUL 2016 TO 23 JUL 2016.

3. UPON COMPLETION OF SUBJECT DUTY, WITH THE EXCEPTION OF BACK TO BACK ORDERS, YOU WILL RETURN TO THE ADDRESS INDICATED AFTER YOUR NAME AND UPON ARRIVAL YOU WILL STAND RELEASED FROM SUBJECT DUTY (JFTR U7150.A1). FOR BACK TO BACK ORDERS, UPON COMPLETION OF THE FINAL SET OF ORDERS, YOU WILL RETURN TO THE ADDRESS INDICATED AFTER YOUR NAME AND UPON ARRIVAL, YOU WILL STAND RELEASED FROM DUTY (JFTR U5120.A AND U4105.F).

4. IF THESE ORDERS START IMMEDIATELY AFTER AN INACTIVE DUTY ORDER (IDTT), YOU ARE ADVISED THAT THESE ORDERS MUST START FROM YOUR HOME ADDRESS (PMA). FAILURE TO START FROM HOME MAY RESULT IN PAY AND/OR ENTITLEMENT ISSUES WHEN LIQUIDATING YOUR ORDERS.



                    FOR OFFICIAL USE ONLY



```
                                         1572
                                         NROWS/4075072/1
                                         SDN: N8510516SP14677
                                         26 JUL 2016
```

SUBJ: MODIFICATION TO ADT-SPEC; CASE OF CE2 JOSEPH L WORRELL, USN, ▇▇▇▇/CE2

ENDORSEMENT STAMP (PRINT)

GAINING COMMAND _NMCB 14_     DATE/TIME REPORTED: _28 JULY 16 0500_
Printed Name: _BUC MACKENZIE, MARK_ Signature: _/s/_
MESSING: ~~AVAILABLE~~ / NOT AVAILABLE  BERTHING: AVAILABLE / ~~NOT AVAILABLE~~
NON-AVAILABILITY NUMBER _____   DATE/TIME DEPARTED: _06 AUG 16 / 1700_
Printed Name: _BUC MACKENZIE, MARK_ Signature: _/s/_

For Paying Office Use Only

I certify that on this _____, I processed this set of orders
for payment.              (Date)


_____          _____
Print Name                      Signature

FOR OFFICIAL USE ONLY

3