UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOSEPH LLEWELLLYN WORRELL
a/k/a JOEY WORRELL,

    Appellant,

vs.

EMIGRANT MORTGAGE COMPANY, INC.;
RETAINED REALTY, INC.;
CHAD INGRAM, SANNAA INGRAM,
AND ILKKA JUHANI SYSIMETSA,

    Appellees.
_____/

Case No. 9:16-cv-80837-KAM

**RESPONSE TO APPELLANT'S OBJECTION AND MOTION TO STRIKE FILINGS AND ANSWER BRIEF OF ALLEGE THIRD PARTY OWNERS (DOC. 26)**

    Appellees, Chad Ingram, Saana Ingram, and Ilkka Juhani Sysimetsa (the "BFP Owners"), hereby respond in opposition to the Objection and Motion to Strike Filings and Answer Brief of Alleged Third Party Owners (Doc. 26) ("Motion to Strike") filed by Appellant, Joseph L. Worrell ("Worrell"), and state:

### INTRODUCTION

    1.    Worrell argues in the Motion to Strike that the BFP Owners lack standing because they were previously removed from the underlying adversary proceeding. Contrary to statements in the Motion to Strike, rights of the BFP Owners remains at issue in this appeal, and therefore the BFP Owners are persons aggrieved having standing to participate in this appeal.

## BACKGROUND[1]

### *The Underlying Adversary Proceeding*

2.  The adversary proceeding underlying this appeal was filed on January 17, 2016. At that time, the BFP Owners collectively owned the real property located at 13993 Caloosa Blvd., West Palm Beach, Florida 33418 (the "Property"), which they purchased from Retained Realty, Inc. ("Retained Realty") on or about September 10, 2015. Retained Realty had received title from Emigrant Mortgage Company, Inc. ("Emigrant"), who, in turn, obtained a foreclosure judgment against the Debtor and purchased the Property at a foreclosure sale in September 2009 in *Emigrant Mortgage Company, Inc. v. Worrell, et al.,* Case No. 2007-ca-019114 (the "Foreclosure Case").

3.  On November 18, 2016, two months after the BFP Owners received title to the Property, Worrell filed a Motion to Reopen Chapter 13 Case and for Adversary Proceedings (Bankr. Doc. 88) ("Motion to Reopen"), seeking to reopen his bankruptcy case, more than five years after it had been dismissed (and twice denied reconsideration of that dismissal), to file an adversary proceeding against Emigrant for an alleged violation of the automatic stay *in 2009* and to void each and every transfer of the Property, including to the BFP Owners.

4.  The Bankruptcy Court heard Worrell's Motion to Reopen on December 16, 2015. At the hearing, the Bankruptcy Court reviewed the facts of the case and, in ruling, reasoned that it lacked authority to overrule the Florida courts' decisions denying Worrell's previous requests to vacate the foreclosure sale of the Property. The Bankruptcy Court specifically stated that "[i]f there's been a third party that's bought the property, the property is not coming back." (Bankr. Doc. 97, pg. 25). Worrell argued, however, that Emigrant (his mortgage lender) had violated the

---

[1] The BFP Owners summarize the background of this case for purposes of this Response. The full history and background is set forth in the briefs filed by Emigrant and by the BFP Owners.

automatic stay during a period when the stay was still in effect in his Chapter 13 case. As a result, the Bankruptcy Court agreed to reopen the case "solely to permit pursuit of violation of the automatic stay under Section 362, and that is it . . . The only relief you are permitted to ask for has to do with violation of the automatic stay." (Bankr. Doc. 97, pg. 27).  The Bankruptcy Court entered a written order consistent with its ruling, limiting Worrell to the filing of "an appropriate pleading seeking relief against creditor Emigrant Mortgage Company for alleged violation of the automatic stay" (Bankr. Doc. 94).

5. On January 17, 2016, Worrell filed, via counsel, the Adversary Complaint for Declaratory Relief, for Violation of the Automatic Stay and for Cancellation of Deeds and for Other Relief (Adv. Doc. 1) (the "Complaint"). In violation of the Bankruptcy Court's clear and unambiguous ruling, the Complaint names five defendants: Emigrant, Retained Realty, and the three BFP Owners. Also, in violation of the Bankruptcy Court's clear and unambiguous ruling, the Complaint asserts four counts: in Count I, Worrell requested the Bankruptcy Court declare the foreclosure sale of the Property void as in violation of the automatic stay; in Count II, Worrell sought damages against Emigrant for violation of the automatic stay; in Count III, Worrell sought cancellation of Emigrant's deed of the Property to Retained Realty; and in Count IV, Worrell sought cancellation of Retained Realty's deed of the Property to the BFP Owners.

6. On February 18, 2016, the BFP Owners filed a Motion to Dismiss with Prejudice (Adv. Doc. 11) ("Motion to Dismiss"), in which the BFP Owners argued that Worrell could not state a claim for relief because, *inter alia,* the Complaint violated the Bankruptcy Court's order reopening the bankruptcy case by seeking to void the chain of title to the Property. The next day, on February 19, 2016 the BFP Owners served a Motion for Sanctions Pursuant to Rule 9011, which, after expiration of the safe-harbor period, was filed on March 23, 2016 (Adv. Doc. 21)

(the "Motion for Sanctions"). Emigrant also filed a Motion to Dismiss the Complaint (Bankr. Doc. 16).

7. On March 28, 2016, three days prior to a hearing on the Motions to Dismiss and the Motion for Sanctions, Worrell filed an Amended Adversary Complaint for Declaratory Relief and for Violation of the Automatic Stay (Adv. Doc. 27) (the "Amended Complaint").  In the Amended Complaint, Worrell removed the BFP Owners as defendants, and removed Counts III and IV from the pleading. Worrell did not, however, alter Counts I or II of the Complaint. As a result, in the Amended Complaint, Worrell still sought relief that would have adversely affected title to the Property vested in the BFP Owners.  Removing just the BFP Owners from the litigation would still leave their property interests in jeopardy because granting the remaining relief could make their deed retroactively void, and divest the BFP Owners of their property rights without them being parties to the Amended Complaint.

8. On April 13, 2016, the Bankruptcy Court entered the Dismissal Order, finding, among other things, that "the relief requested by the Plaintiff would have adversely affected title held by the current owners of the Real Property," which relief "was not only not authorized by the Court's December 16, 2015 order, but this Court specifically admonished the Plaintiff at the December 16, 2015 hearing against seeking relief as to title transferred to *bona fide* purchasers of the Real Property." (Adv. Doc. 47, pg. 4).  This appeal ensued.

*Ownership of the Property*

9. At the time the BFP Owners purchased the Property in September 2015, there was no defect in the chain of title, no pending dispute as to the validity of the foreclosure sale, and no pending bankruptcy. *See Worrell v. Emigrant Mortgage Co., Inc.,* 169 So.3d 1190 (4th DCA 2015) (dismissing appeal of motion to, among other things, set aside foreclosure sale); *Worrell v.*

*Emigrant Mortg. Co., Inc.,* 2015 WL 4572502, at *1 (Fla. 2015) (dismissing appeal for lack of jurisdiction).

10. On April 11, 2016, after the Bankruptcy Court ruled on the Motion to Dismiss, but before entry of the written order and before this appeal ensued, the BFP Owners executed a Warranty Deed to transfer ownership from the three BFP Owners collectively to only Ilkka Juhani Sysimetsa. The same day, Ilkka Juhani Sysimetsa executed a Warranty Deed to transfer ownership from himself, individually, to himself as Trustee Ilkka Juhani Sysimetsa Realty Trust.

11. As set forth below, these transfers are irrelevant to the issues in this appeal and the BFP Owners standing to be heard in this appeal.

## BASIS FOR OPPOSITION

12. In appeals from a bankruptcy court order, standing is controlled by the "person aggrieved" doctrine, which grants standing to those individuals who have a financial stake in the order being appealed. *Atkinson v. Ernie Haire Ford, Inc. (In re Ernie Haire Ford, Inc.),* 764 F. 3d 1321, 1324-25 (11th Cir. 2014). The BFP Owners have a financial stake in the order(s) being appealed.

13. First, this appeal initially included the Bankruptcy Court's Order Granting Motion for Sanctions (Adv. Doc. 66) ("Sanctions Order"). Given that the Sanctions Order granted monetary sanctions against Mr. Worrell's former counsel in favor of the BFP Owners, it had a financial stake in the Sanctions Order being upheld. This Court has since dismissed Worrell's appeal of the Sanctions Order.

14. Second, although all three of the BFP Owners do not currently hold title to the Property, their interests in the Property remain at issue to the extent Worrell is still seeking to void links in the chain of title. The BFP Owners' property interests are at issue in this appeal

because granting the relief sought by Worrell could make their deed (and their right to transfer that deed) retroactively void, and divest the BFP Owners of their property rights without them being parties to the proceeding.

15. Moreover, even if all the BFP Owners' rights are not affected by the remaining issues in this appeal, the rights of Ilkka Juhani Sysimetsa are certainly still at issue to the extent he would be divested of current ownership if any link in the chain of title is voided.

16. Accordingly, the BFP Owners and/or Ilkka Juhani Sysimetsa are persons aggrieved having standing to participate in this appeal, and therefore Worrell's Motion to Strike should be denied.

WHEREFORE, Appellees respectfully request this Court deny the Motion to Strike, and provide the Appellees such other and further relief as this Court deems proper, including an award of damages and costs pursuant to Rule 8020 of the Federal Rules of Bankruptcy Procedures.

**SHUMAKER, LOOP & KENDRICK, LLP**

By:/s/ *Seth P. Traub*
**STEVEN M. BERMAN**
Florida Bar No. 856290
sberman@slk-law.com
**SETH P. TRAUB**
Florida Bar No. 022088
straub@slk-law.com
101 East Kennedy Blvd, Suite 2800
Tampa, Florida 33602
Phone: (813) 229-7600; Fax: (813) 229-1660
*Attorneys for the Appellees*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2016, a true and correct copy of the foregoing will be served via U.S. mail and/or CM/ECF notice upon the following:

| | |
|---|---|
| **Joseph Llewellyn Worrell**<br>PO Box 30071<br>West Palm Beach, FL 33420 | **Lisa Marie Castellano**<br>Becker & Poliakoff<br>1511 N. West Shore Blvd., Suite 1000<br>Tampa, FL 33607 |

                                                  */s/ Seth P. Traub*