UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:16-CV-80837-KAM

IN RE JOSEPH LLEWELLYN WORREL,

    Debtor.
_____/

JOSEPH LLEWELLYN WORREL,

    Appellant,

vs.                                                                                                  Adv. Pro. No. 09-15332-EPK

EMIGRANT MORTGAGE COMPANY, INC., et al.,

    Appellees.
_____/

**ORDER**

This matter is before the Court on Appellant Joseph Worrell's Motion for Rehearing and Motion to Reconsider (DE 19). Appellant moves this Court to reconsider its dismissal of Appellant's appeal of the Bankruptcy Court's Order Granting Motion for Sanctions for failure to respond pursuant to S.D. Fla. L.R. 7.1(c) and for lack of standing to challenge the sanctions order (DE 18). Appellant's Motion argues that this Court's Dismissal Order was improper because it was entered during at time during which the Sevicemembers Civil Relief Act, 50 U.S.C. 501 *et seq.*, was potentially applicable to Appellant.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law;

(2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (*quoting Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted).

Appellant has failed to show any manifest error in this Court's dismissal, nor has he asserted new evidence, intervening law, clear legal error, or injustice in support of the present Motion. Appellant's claims are limited to alleging that this Court's order "may have been entered without regard to protected period(s) of military service and in violation of federal law." (DE 19 at 3.) Contrary to Appellant's assertion, the Servicemembers Civil Relief Act does not invoke a blanket stay on all pending actions in which active members of the military are involved. Section 521 of the Act provides for a stay of any proceeding in which an active member of the military is involved unless the ability of such military member to prosecute or defend the action is not materially affected by virtue of his service. Here, Appellant's service did not "materially affect" his ability to respond to the Motion to Dismiss or this Court's Order to Show Cause. Indeed, Appellant's response to Appellee's Motion to Dismiss was due on July 15, 2016, before Appellant was to report to active duty for training on July 20, 2016. Additionally, Appellant's active service ended on August 6, 2016, before the Court entered its August 12, 2016 Order to Show Cause to which he also failed to respond. Hence, Appellant's active duty service between July 20, 2016 and August 6, 2016, did not materially affect his ability to respond timely to Appellee's Motion to Dismiss or to this Court's Order to Show Cause. In fact, the Court's Order to Show Cause provided Appellant additional time within which to address the matters pending before the Court of which Appellant failed to take

advantage.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellant's Motion for Rehearing and Motion to Reconsider (DE 19) is **DENIED**.

**DONE AND ORDERED** in chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of December, 2016

                                      KENNETH A. MARRA
                                      United States District Judge