FILED BY _____ D.C.

JAN 17 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

IN RE:
JOSEPH L. WORRELL.
DEBTOR,

CHAPTER 13
CASE # 09-15332-EPK

---

JOSEPH L. WORRELL.
    PLAINTIFF,
VS.
EMIGRANT MORTGAGE COMPANY, INC.,
RETAINED REALTY, INC., ET. AL.,
    DEFENDANT.

ADVERSARY PROCEEDING
CASE NO.: 16-01046-EPK

---

DISTRICT COURT APPELLATE CASE #   16-cv-80837-KAM

---

### NOTICE OF APPEAL

FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**APPEAL OF DISTRICT COURT ORDER ON DECEMBER 27, 2017 [DOC. #40]**

Appellant, servicemember Joseph L. Worrell, appeals from attached order of the United States District Court for the Southern district of Florida, entered in this case on December 27, 2017, Affirming the Orders of the Bankruptcy Court. Appellant is authorized to proceed in forma pauperis, pursuant to 28 U.S.C. Sec. 1915; See attached appendix. The parties to the order appealed, and the names and addresses of their respective attorneys are as shown on the attached service list.

Dated: Wednesday, January 17, 2018.

Respectfully submitted:

_/s/ Joseph L. Worrell_
Joseph L. Worrell, Pro se.

Page 1 of 2

APPELLATE CASE # 16-cv-80837-KAM
Adversary Proceeding: 16-01046-EPK
CH 13 Case No. 09-15332-EPK

### SERVICE LIST

1. JOSEPH LLEWELLYN WORRELL (PRO SE)
   P O Box 30071, West Palm Beach, FL 33420

2. EMIGRANT MORTGAGE COMPANY, INC.,
   Becker & Poliakoff, P.A. c/o Aleida Martinez Molina, Esq.
   121 Alhambra Plaza, 10th Floor, Coral Gables, FL 33134

3. RETAINED REALTY, INC., (PRO SE)
   c/o Richard C. Wald, CEO   5 East 42nd St. New York, NY 10017

# APPENDIX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80837-CIV-MARRA

JOSEPH L. WORRELL,

    Appellant,

v.

EMIGRANT MORTGAGE COMPANY, INC. *et al.*,

    Appellee(s).

_____/

## ORDER AFFIRMING ORDERS OF BANKRUPTCY COURT

THIS CAUSE is before the Court on the appeal by *pro se* Appellant Joseph L. Worrell of the various Orders of the Bankruptcy Court.[1] The Court has carefully considered the briefs of Appellant (DE 11, 25) and Appellees (DE 21, 22) and is otherwise fully advised in the premises.

**I.**    **BACKGROUND**

    **A.**    **Procedural History**

Appellant filed an Adversary Complaint, alleging that Appellee Emigrant Mortgage Company, Inc. violated the automatic bankruptcy stay and/or the stay under the Servicemembers' Civil Relief Act as a result of a foreclosure sale of certain real property previously owned by Appellant on August 31, 2009. The Bankruptcy Court entered an Order on April 12, 2016, granting Appellee's motion to dismiss the Adversary Complaint, reasoning that there was no stay in effect at the time of the foreclosure sale. (DE 6-6, at 240.) The Bankruptcy Court also found that the *Rooker-Feldman* doctrine and the doctrines of res judicata and collateral estoppel precluded it from

---

[1] This Court previously dismissed Appellant's appeal of the Bankruptcy Court's order granting sanctions. (DE 18.)

setting aside the state-court foreclosure sale. (*Id.* at 241.) In an Order entered on May 18, 2016, the Bankruptcy Court denied Appellant's Motion for Reconsideration. (DE 6-9, at 104-07.) Appellant now appeals both the Order dismissing the Adversary Complaint entered on April 12, 2016, and the Order denying reconsideration entered on May 18, 2016.[2]

On appeal, Appellant argues that the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 522, protects servicemembers whose military duties prevent them from participating in an action. Appellant also emphasizes the protections of the automatic stay under 11 U.S.C. § 362. Next, Appellant argues that dismissal of his bankruptcy case operated to revest the real estate in question to him pursuant to 11 U.S.C. § 349. Finally, Appellant makes arguments challenging the events and proceedings in state court leading to the foreclosure sale.

### B. Factual Background

After Appellant's bankruptcy case was originally dismissed, Appellant filed a Motion to Stay Proceedings and Motion to Vacate Dismissal ("Motion") on July 3, 2009. Appellant's Motion was heard before the Bankruptcy Court on August 27, 2009. At the hearing, after noting that notice of the hearing had not been provided to all parties due to an oversight on the part of Appellant's then counsel, the Bankruptcy Court stated as follows:

> So what I'm going to do is enter the order. The order will be entered in the next couple of days. You'll be required to serve it on all creditors in the case. They'll have a ten day objection period. If there are any objections, I'll have another hearing about whether or not the standards have been met, if anybody objects.

(DE 6-5, at 77.)

---

[2] Appellant appeals the Bankruptcy Court's Order entered on May 19, 2016, dismissing the appeal for failure to file the designation of items for the record timely or its statement of the issues as required by Bankruptcy Rule 8009. That portion of this appeal is now moot.

2

The foreclosure sale occurred on August 31, 2009. After the foreclosure sale had already occurred, the Bankruptcy Court entered its Order granting the Motion on September 1, 2009, which reinstated the bankruptcy case and reimposed a stay.

## II. **DISCUSSION**

Under either a *de novo* or abuse of discretion standard of review, the Court concludes that the Bankruptcy Court's Order dismissing the Adversary Complaint entered on April 12, 2016 and the Order denying reconsideration entered on May 18, 2016 must be affirmed. This Court agrees with the Bankruptcy Court that Appellee did not violate the automatic bankruptcy stay or the stay under the Servicemembers' Civil Relief Act as a result of a foreclosure sale on August 31, 2009, because a stay was not in effect at the time of the foreclosure sale.

When a court "dismisses a debtor's bankruptcy case, the stay terminates, and a creditor may proceed with foreclosure actions and/or its other legal rights." *In the Matter of Robinson*, No. 13-10244-WHD, 2014 WL 7793688, at *2 (Bankr. N.D. Ga. Oct. 24, 2014). Reinstatement of a case does not reimpose retroactively the stay during the period of time the case was dismissed. *Id.* Creditor actions that take place between dismissal and reinstatement are not affected by the reimposition of the stay. *Id.* Moreover, while the courts may grant stay relief retroactively, no authority exists which authorizes courts to impose a stay retroactively. *Id.*

Here, Appellant's bankruptcy case was originally dismissed on July 1, 2009, at which time the stay terminated. Appellee proceeded with the foreclosure sale during the period of time the case was dismissed. There was no stay in effect at the time of the foreclosure sale on August 31, 2009. While Appellant touts the protections of the SCRA and the automatic stay under 11 U.S.C. § 362, no stay was in effect under which Appellant was protected or which could have been violated.

3

When the case was reinstated and the stay reimposed by written Order of the Bankruptcy Court on September 1, 2009, the foreclosure sale had already transpired and thus the real estate in question was not owned by Appellant. Further, the Bankruptcy Court's mere oral statements in court on August 27, 2009 indicating that he would enter a written order reinstating the case in a couple of days was not itself effective to reinstate the case, particularly given the fact that the other parties in the case did not have notice of the hearing. *In re Brown*, 290 B.R. 415, 421 (Bankr. M.D. Fla. 2003) ("The USA was not notified of the hearing to reinstate the case. It was not informed when the Court orally ruled that the case was reinstated. Thus, the USA was not and could not have been attempting to circumvent this Court's ruling. Accordingly, the Court does not find any reason to deviate from the well-accepted rule that orders are effective when written and docketed. It then follows that the foreclosure sale occurred when the case was still dismissed and the sale was not in violation of the automatic stay."). Moreover, when the bankruptcy case was later dismissed again, there was no real estate to revest to Appellant and thus Appellant cannot claim that the later dismissal vested the real estate to him.

Finally, to the extent that Appellant challenges the foreclosure sale itself, neither this Court nor the Bankruptcy Court is an appropriate forum to appeal a state court ruling or an avenue to present arguments that should have been presented to the state court. The issue of the validity of the foreclosure sale has been litigated and concluded in Appellee's favor in state court and affirmed on appeal. Both comity and equitable principles of collateral estoppel prevent this Court from entertaining Appellant's collateral attack on the state court's rulings in the foreclosure action. *See*

4

*In re Gregorakos*, No. 09-72614-MHM, 2009 WL 6499243, at *1 (Bankr. N.D. Ga. Aug. 3, 2009).[3]

### III. CONCLUSION

For the aforementioned reasons, the Order of the Bankruptcy Court dismissing the Adversary Complaint entered on April 12, 2016 and the Order denying reconsideration entered on May 18, 2016 are **AFFIRMED**.

This case is **CLOSED**. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of December, 2017.

KENNETH A. MARRA
United States District Judge

---

[3] According to the record, Appellant did not raise his claim that "a lien which pre-exists an underlying promissory note may be invalid" in state court. Further, Appellant unsuccessfully sought in state court to void the underlying foreclosure judgment and foreclosure sale on the basis that the automatic stay precluded the foreclosure sale.

5